## W. T. McAfee v. James S. Robertson.

Separate property of the wife—Appeal—Evidence.—B conveyed land to A's wife during coverture, and received from her the purchase-money. Subsequently A joined his wife in a title bond to C, who executed his note for the purchase-money, payable to her. C went into possession, and afterwards refused to pay his note or return possession. After suit was begun by A and wife against C to cancel the sale and recover possession, C conveyed to B, who, after going into possession, was made a party defendant, and set up his purchase from C, and also a deed under execution issued on a judgment in his favor against A, rendered after B's conveyance to A's wife. On appeal by B (in which C did not join) from a judgment rendered against him for the land and its rents, held, 1. That the rights of C, who had not joined in the appeal, could not be considered. 2. That, as C had no just cause of objection to the position in which A and wife had placed the title to the land, so neither had B by virtue of any right he acquired under the deed from C. 3. That, as B asserted no claim at any stage of the suit to the property except as resulting from the purchase of it at execution sale as community property, it was necessary to his defense to show that the land was community, and that he could not, under such circumstances, be heard to claim for the first time on appeal the interest he may have acquired at execution sale, which A may have inherited from his deceased wife. 4. The fact that the deed was made to A's wife by B himself; that the note given by C when he bought was made payable to her individually; that A, by joining in her bond for title to C, recognized it as her property, and did again by joining her in a suit for it as her separate property when there was no conceivable motive for falsifying the truth as to ownership; that her separate right was never called in question until the institution of the suit, (with other facts stated in the opinion,) warranted the jury in finding that the land was the separate property of A's wife, in the absence of any direct evidence that the purchase-money was furnished from her separate means.

APPEAL from Rusk.   Tried below before J. W. Pope, special judge.

The facts of this case are carefully stated in the opinion.

*N. G. Bagly,* for appellant, cited James *v.* James, 15 Tex., 143; 28 Tex., 383.

*Jones & Casey,* for appellees, cited Hill *v.* Still, 19 Tex., 86; Sharp *v.* Baker, 22 Tex., 314; Roberts *v.* Lovejoy, 25 Tex., (supp.,) 440; Smith *v.* Strahan, 16 Tex., 323; Smith *v.* Boquet, 27 Tex., 507; Paschal's Dig., 777, (note 1049;) 1 Greenlf., sec. 22.

ROBERTS, CHIEF JUSTICE.—W. T. McAfee and wife, in 1863, deeded two tracts of land, in the same deed, to Charlotte Robertson, then the wife of James S. Robertson, acknowledging the receipt from her paid of four thousand dollars, as the consideration for said land. Robertson and wife, after going into possession—to wit, in December, 1866—executed a bond for title to Clark for the same land, and took his note for sixteen hundred and fifty dollars, payable to Charlotte Robertson, in cotton, on the first day of January, 1868, as the consideration for said land.

Shortly after the note fell due—to wit, in January, 1868—Clark refused to pay the note or give up the land, on the ground that a good title could not be made to him by the obligors in the bond.

In February, 1868, Robertson and wife brought an action of trespass to try title, in order to dispossess said Clark from the land, claiming the same to be the separate property of said Charlotte, and that Clark had repudiated the sale.   To this Clark pleaded a general denial, not guilty, and generally that he was the *boda fide* owner of the land.

In 1868 McAfee set up some verbal claim to the land, and in November, 1869, received a deed to it from Clark and wife.

In 1869, Charlotte died in the State of Arkansas, where she and her husband and their minor children resided.

In 1870, James S. Robertson, for himself as surviving husband, and as next friend for his minor children, filed a supplemental petition, setting out the facts of the purchase of the land by Charlotte, the sale of the land to Clark, and his subsequent repudiation of the contract of sale, and tendered back the note, alleging also that McAfee was in possession of the land, acting in collusion with Clark to defraud plaintiffs, and under a pretended deed from Clark and wife.

In 1871, and from that time to the trial, in November, 1874, defendants filed numerous answers separately, as co-defendants, containing exceptions and pleas in defense. The defense as to Clark is substantially that he was ready to pay the note when due, and did not do it because Robertson and wife did not and could not make him a good title, and that he is still ready to pay it if a good title is made to him.

McAfee pleads the same facts as claiming through his deed from Clark and wife, and in addition thereto two other defenses: first, that the deed from himself and wife to Charlotte Robertson in 1863 is inoperative and void because the consideration thereof was Confederate money, (which seems not to have been relied on at the trial;) and secondly, that in 1871 he brought an attachment suit against James S. Robertson on an account due him in 1867 for forty-seven dollars before Justice Kilgore, in which both tracts of the land was levied on, and, being condemned upon judgment being rendered, was sold in satisfaction of said judgment for eighty-nine dollars to N. G. Bagley, and by him, the same day, for one hundred dollars (as specified in the deed) conveyed to McAfee, and that said land was community property of James S. and Charlotte Robertson, and liable for his debt contracted in 1867,

38

whereby he claimed his right to recover the whole or at least one-half of the land.

On the 5th November, 1874, James M. Barton made himself a party plaintiff, as administrator of the estate of Charlotte Robertson, having been previously appointed by the District Court of Rusk county, and on the same day the plaintiffs filed a replication to the last defense of McAfee, alleging that the judgment of McAfee before Justice Kilgore was obtained by fraud by separating the items of a large pretended account, and bringing suit for part of it in the justice's court, (and for the greater portion of it in the District Court,) in order thereby to acquire a claim of title to the land, and that Charlotte Robertson was dead, leaving minor children, long before said suit was brought.

Under the pleadings as here presented, and under the proof as shown in the statement of facts, Clark had no standing in court, nor had McAfee any as acquired through his deed from Clark and wife in 1869, nor from his defense relating to the consideration of Confederate money. Clark does not appeal from the judgment against him, and he is thereby, in reference to his present rights, out of the case.

McAfee presented himself as a party in interest in the case, as it stood in litigation in 1870, with the deed made by him and wife to Charlotte, the note in the Clark purchase made to Charlotte, and the suit brought against Clark for the land by Robertson and wife claiming the land as, and defended against as, the separate property then of Charlotte Robertson.

If the case had proceeded to judgment against Clark alone, without any interference in it by McAfee, Clark certainly had no right or just cause of objection to the position in which the then plaintiffs had placed the title of the land as the separate property of Charlotte, in accordance with and correspondent to the terms of the deed from

McAfee to her, and the note executed by Clark to her. Nor could McAfee call in question such position any more than Clark, under and by virtue of any right which he acquired through the deed from Clark and wife, under which, together with his defense of Confederate money, he entered himself a party to the cause by taking possession of the land under his deed, and thereby making it proper that he should be brought in as a defendant. Up to that period there was no interest or ostensible motive in Robertson or his wife to litigate the case with Clark, or McAfee either, by representing the land as the separate property of the wife, unless in point of fact it really was so.

McAfee thus supplanted Clark by substitution in this attitude of the litigation, and attempted subsequently, to wit, in 1871, to acquire an independent title, founded upon the assumption, variant from the attitude in which it had been placed, that the land was not the separate property of Charlotte, but the community property of James S. and Charlotte, liable for his debt against James S. Robertson contracted in 1867 during the marriage, and that by the sale of it under his judgment and his purchase he had acquired a good title to the whole of the two tracts of land, or at least to the one-half thereof, being the interest of said James S. Robertson as community property. Neither in the pleadings, charges asked, motion for new trial, nor assignment of errors is there any question made as to his right to recover anything or any interest in the land by reason of James S. Robertson's interest in the separate property of his deceased wife, but the case is tried and proceeded with wholly upon the effort on his part to recover title to the whole or to the half of it as having been originally community property, and that by the sale, under his judgment, he acquired such title.

Coming into the case as he did, *pendente lite*, this was what McAfee had to show in order to maintain his defense as he asked it and sought to maintain it.

The charge of the court submitted to the jury the two questions involved substantially, and no more definite and perspicuous charge was asked and refused thereon.

The jury having found against the defendant, McAfee, on this issue, the question before this court is, was there such a preponderance of evidence on the trial against the land being separate property and in favor of the validity of the sale of the two tracts of land, under the justice's judgment, as would require this court to set aside the verdict and reverse the judgment of the court below on which it is founded? We think not. The facts were before the jury that the deed was made to Charlotte Robertson by McAfee himself; the note was made payable to her by Clark when he bought; she joined her husband in the bond for title to Clark; her husband recognized it as her property in the most solemn form by bringing a joint suit for it as separate property when there was no conceivable motive for falsifying the truth, as to the ownership, as between her and himself; the suit so brought is prosecuted during the lifetime of the wife, and afterwards in the name of James S. Robertson and their children, as her heirs, against Clark, and afterwards against McAfee, until 1871, without her right being called in question by either of them in the suit, and then only by McAfee, in order to acquire a title to the land by a suit against James S. Robertson, instituted by himself on a small account alleged to have been contracted in 1867. The suit for that purpose was brought for forty-seven dollars against said Robertson as a non-resident. An attachment was issued and levied on both tracts of land, and sold for ninety-eight dollars, when ninety acres of the land was cleared, and the rent thereof proved to be worth three dollars per acre, when at the same time McAfee claimed to have an account for three hundred and thirteen dollars against "J. S. Robertson and Charlotte Robinson" for five thousand five hundred rails and hauling and labor in repairing fence, which

McAfee swore to as a claim against her estate, and procured its acknowledgment and approval as such.

The land was thus sold and bought by McAfee, through one of his attorneys, while he was in possession of the land, and using it, and holding it, and claiming a right to it as a party in this suit through Clark, with the knowledge that Clark had not paid one cent for it. It might well have been inferred by the jury that McAfee himself, as well as Clark, had from the first recognized it as the separate property of Charlotte Robertson, by his account claimed by him to have been contracted in January and February, 1866, when she was in possession of the land under purchase from him, for repairs upon a farm, it not being shown or even alleged that she possessed any other tract of land that could have been repaired for her by the use of 5,500 rails, and the work and labor charged in said account. The case, as tried, therefore, did not stand alone upon the legal presumption of its having been from the first community property, because it was purchased by Charlotte during her marriage. At the time that McAfee manifested his change of policy in the effort to acquire a title, by treating the land as community property, and liable for community debts contracted by James S. Robertson, to wit, in 1871, and at the time he brought his attachment suit for forty-seven dollars against James S. Robertson by publication, and obtained his judgment by default, and upon his own evidence alone, he had been in possession and in the use of said land about two years without any title, and under circumstances that made him indebted to James S. Robertson for use and occupation to an amount more than five times the amount of his claim of forty-seven dollars, from which the jury might well infer that the judgment was not obtained by McAfee for the purpose, in good faith, of collecting a little debt, but as the means, in the absence of James S. Robertson and after the death of his wife, of getting a title

to two tracts of land which had been sold for sixteen hundred and fifty dollars in the latter part of 1866.

After a thorough examination of the case, it is not seen that there is any such error as should reverse a judgment for the plaintiffs which, it is believed, reaches the justice as well as law of the case in reference to the attitude in which it has been placed by the parties, as appears in the record before us, and of which McAfee, who alone appeals, has exhibited no good ground of complaint; and therefore the judgment is affirmed.

AFFIRMED.