## C. A. Sebastian v. Martin Brown Co.

### No. 2863.

**Burden of Proof—Trespass to Try Title.**—Before the burden of proof shifts in any case the plaintiff must establish a *prima facie* case in his favor. This can not be done in trespass to try title by merely showing a levy under writ of attachment, judgment, execution, and sheriff's deed to plaintiff, and then showing that defendant claims under the defendant in execution. The plaintiff must go further, and show that the defendant's claim originated after the levy of the writ of attachment.

Appeal from Rockwall. Tried below before Hon. Anson Rainey. The opinion states the case.

*Word & Charlton*, for appellant. —1. Proof of common source of title can not be made in a trespass to try title suit by oral testimony without first accounting for nonproduction of better testimony when proper objection is taken to such oral testimony on trial of cause. Keys v. Mason, 44 Texas, 140; Abbott's Trial Ev., sec. 30; Walker v. Dunpaugh, 20 N. Y., 170.

2. A common source of title can not be proved by the admissions and oral declarations of the plaintiff's adversary in trespass to try title. Abbott's Trial Ev., p. 710, par. 30.

3. When plaintiff in trespass to try title proves a common source of title it must appear from the proof, whether oral or written, that his is the better right or superior title under such common source. Keys v. Mason, 44 Texas, 143; Selman v. Harden, 58 Texas, 87; 3 Wait's Act. and Def., sec. 3.

No brief on file for appellee.

GAINES, Associate Justice.—The appellee, a private corporation, brought this suit to recover of appellant an undivided one-half interest in a tract of land. The defendant pleaded not guilty.

In proof of his title plaintiff introduced a judgment in an attachment suit in the District Court of Tarrant County in its favor against one S. L. Sebastian, an order upon said judgment to the sheriff of Rockwall

County, commanding him to sell the land in controversy as the property of the defendant in the judgment in satisfaction thereof, and a sheriff's deed to itself, conveying the land in pursuance of a sale made by virtue of that order. The plaintiff then proved by two witnesses who were present at the sale that when the property was offered the appellant gave notice that he claimed it by purchase from the defendant in execution, and that whoever bought the land would buy a law suit. The plaintiff then closed its evidence and the defendant offered none.

The testimony of the witnesses as to defendant's declarations at the sheriff's sale were objected to by the defendant and an exception to its admission taken. The assignments of error raise the question of the court's ruling in admitting this testimony and in rendering judgment for the plaintiff.

The plaintiff in an action of trespass to try title can only recover upon the strength of his own title. He may succeed in his action either by showing a consecutive chain from the sovereignty of the soil or by showing that both he and the defendant claim from the same source, and that his is the superior right as derived from that source. Keys v. Mason, 44 Texas, 143. Waiving the question whether the plaintiff can show the common source by the parol admissions or declarations of the defendant, we are opinion that the plaintiff here did not bring his case under the rule. Before the burden of proof shifts in any case the plaintiff must establish his cause of action at least by prima facie proof. In action of trespass to try title in which he claims under a sheriff's deed he does not make a prima facie case merely by introducing his judgment, execution, and deed, and by proving that his adversary claims under the defendant in execution, without showing that the latter's title is inferior to his own.

In Hill v. Allison, 51 Texas, 390, it was held by this court in effect that when the plaintiff shows that the defendant claims under a sheriff's deed, which if valid conveys the paramount title from the common source, he must not only prove title to himself from the common source, but must also show the invalidity of the sheriff's deed. It seems to us that the same principle applies in the present case. Here the plaintiff introduced in evidence his judgment, execution, and sheriff's deed, together with testimony tending to show that defendant claimed title from the defendant in execution. Whether the latter's title had its origin before or after the plaintiff acquired his lien on the land by the levy of the writ of attachment does not appear. We conclude that the testimony that the defendant in this suit gave notice at the sheriff's sale that he claimed the land under the defendant in execution was of itself irrelevant and should have been excluded, and that the evidence is insufficient to support the findings and judgment of the court, because it fails to show prima facie that the plaintiff had the superior title.

The other questions discussed in appellant's brief will probably not arise upon another trial and need not be considered.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 3, 1889.