### JAMES INGALLS v. ORANGE LUMBER COMPANY.

Decided June 25, 1909.

**1.—Estoppel—Judgment—Title.**

There is no firmer rule of decision than that which recognizes title by estoppel and no character of estoppel is of higher dignity than estoppel by judgment.

**2.—Same.**

Where the land in controversy, in trespass to try title, was patented to the original grantee, and thereafter in a suit by the heirs of such grantee against one Clark, a judgment by agreement was rendered in favor of said Clark for the title and possession of the land divesting all right and title of the plaintiffs therein in said land and vesting same in Clark, such judgment vested in the latter the title, inherited by the heirs from the grantee just as effectually as their deed would have done; and in order to defeat the prima facie title by estoppel thus acquired it was necessary to show that at the time said judgment was rendered the plaintiffs in that suit did not hold the title of the grantee.

**3.—Same—Evidence.**

Evidence showing title in the heirs of the original grantee at the time the judgment in favor of Clark was rendered against them for the land, so far from destroying the prima facie effect of that judgment as a link connecting

plaintiff's title with that of the grantee strengthens and confirms it, and defendant could not object to its exclusion.

**4.—Innocent Purchaser—Transfer of Certificate.**

The title acquired by a transfer of the land certificate by the grantee could not be asserted against a purchaser for value who acquired the title of the heirs of the grantee to whom the land was patented without any notice, actual or constructive, of the transfer.

**5.—Same—Outstanding Title—Charge—Harmless Error.**

A charge, in an action of trespass to try title, instructing the jury that the defendant, in order to defeat plaintiff's recovery on the ground of outstanding title in the transferree of the certificate, must connect himself with such title, if erroneous, was harmless in view of the undisputed evidence showing the plaintiff to have purchased for value without notice of such outstanding claim or title.

Appeal from the District Court of Newton County. Tried below before Hon. W. B. Powell.

*W. W. Blake,* for appellant.

*Adams & Huggins,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by appellee against appellant to recover a tract of 209 acres of land in Newton County granted to Elisha Spencer. Pending the suit appellee obtained a writ of injunction restraining appellant from cutting timber from the land. The defendant answered by general demurrer and plea of not guilty and by plea in reconvention for damages caused him by the injunction proceedings. To this answer plaintiff replied by supplemental petition in which it claimed title under the three, five and ten years statutes of limitation, and also as innocent purchaser for value without notice of defendant's claim. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for all of the land in controversy.

The land was patented on September 22, 1875, to Elisha Spencer. In a suit in the District Court of Newton County, brought by W. A. Shepard and others, heirs of Elisha Spencer, against William Clark, a judgment by agreement was entered on March 28, 1900, in favor of said Clark for the title and possession of the land divesting all right and title of plaintiff in said land and vesting same in defendant. Appellee holds the title thus acquired by Clark by regular chain of conveyances.

The land was located under a certificate issued to Elisha Spencer August 27, 1870, for the unlocated balance of a bounty warrant certificate for 1280 acres, issued to said Spencer on January 31, 1838. This original bounty warrant certificate has the following endorsements thereon:

"The discharge upon which this certificate was issued has been legally transferred from G. W. Mott assign Elisha Spencer to P. Halpin whis transfer is now on file in this office.

"Febry. 2nd, 1838.            "Barnard E. Bee, Sec. War."

"1. File 1374.

"Bexar Bounty Warrant, 1,280 acres; Elisha Spencer.

"Filed Sept. 20/'58. 17. 1858, by Jno. H. Herndon, for Jno. James, San Antonio."

"Registered and approved March 11, 1858, Edward Clark, Commr. of Claims. Certificate of unlocated Balance for five hundred and forty-two (542) acres issued and delivered to C. R. Johns & Co.

"Aug. 27, 1870."

The original survey of the land in controversy was made by the surveyor of Newton County in 1873. The surveyor's records of said county show that the application for said survey was made by James Ingalls, the father of appellant, in his own name. The same records show that other applications made by said Ingalls at or about this time were made in the names of the grantees in the certificates.

Appellant testified that his father, who was a civil engineer, always claimed to own this certificate, and always claimed the land located thereunder. Appellee purchased the land for a valuable consideration and without actual notice of appellant's claim thereto.

The first assignment of error and the propositions advanced thereunder are as follows: "The court erred in permitting the plaintiff to read in evidence before the jury, over the objection of defendant, a judgment of the District Court of Newton County, in cause No. 540 on the docket of said court, styled W. A. Shepherd et al. v. Wm. Clark, dated March 28, 1900, which judgment described the land in controversy, for the reasons assigned in bill of exceptions No. 1."

Proposition under first assignment of error: "The judgment relied on, being a judgment by consent and between different parties, and not showing on its face that the title of Elisha Spencer or one emanating from him either by purchase or descent was involved in the controversy, could not constitute a link in the chain of title from the sovereignty. To recover in this cause, the same proof of superior title that enabled Clark to recover from the heirs of Elisha Spencer (if in fact they were the heirs, and the recovery was upon proof of title) must be presented here or the plaintiff fails to connect himself with the Spencer title, and can not recover against a defendant in possession. Plaintiff, in trespass to try title, must recover on the strength of his own title, not upon weakness of defendant's title."

Under this assignment it is very earnestly insisted by appellant that the judgment referred to in the assignment does not *prima facie* connect Clark and those holding under him with the Spencer title, even if it be conceded that the plaintiffs in said judgment were the heirs of Elisha Spencer.

We can not agree with appellant in this contention. The judgment was by agreement, and by its terms divested the title of plaintiffs in said land and vested said title in the defendant Clark. The evidence shows that the plaintiffs in the suit were the heirs of Elisha Spencer, and the agreed judgment divesting their title and vesting it in Clark was just as effectual in placing in him the title inherited by them from

Elisha Spencer as their deed would have been. If the judgment had not been by agreement, and had not in terms divested the title of plaintiffs, the suit being one for recovery of the title as well as the possession of the land, a judgment in favor of defendant would have passed the title of the plaintiffs by estoppel and would have *prima facie* connected defendant with the title of Elisha Spencer.

It goes without saying that neither the plaintiffs in that suit, nor any one claiming under them, could assert against Clark or those holding under him any title to the land which they had at the time said judgment was rendered, and it being shown that they were the heirs of Elisha Spencer, it devolved upon defendant, in order to defeat the *prima facie* title by estoppel thus acquired by Clark, to show that at the time said judgment was rendered the plaintiffs in said suit did not hold the Spencer title. As before said, we think this judgment should be given the same *prima facie* effect as would be given to a deed from the heirs of Elisha Spencer. There is no firmer rule of decision than that which recognizes title by estoppel, and no character of estoppel is of higher dignity than estoppel by judgment.

The cases cited by appellant wholly fail to sustain his contention. The cases of Coleman v. Reavis (34 S. W., 645), and House v. Reavis (34 S. W., 646), simply hold that a plaintiff in action of trespass to try title does not connect himself *prima facie* with the title of the original grantee of the land by showing that he holds under a foreclosure judgment and sale of the land had in a suit in which neither the original grantee nor his heirs, or any one holding title under him, was a party. The case of Sebastian v. Martin-Brown Co. (75 Texas, 292), holds that a plaintiff in suit of trespass can not recover by simply showing that he purchased the land at a sheriff's sale under foreclosure proceedings, and that the defendant is claiming under the defendant in said foreclosure proceedings, but to authorize a recovery by showing a superior title from a common source the plaintiff must show that the deed to the defendant from the common source is subsequent to that under which plaintiff claims. The case of Barnes v. McArthur (4 Texas Civ. App., 73), holds that a deed from the husband alone to land shown to be the separate property of the wife, notwithstanding the title was in the name of the husband, would not pass title to a vendee who paid no consideration for the land.

It is apparent that these cases go no further than to recognize and enforce the fundamental rules that no one is bound by a judgment to which he is not a party, and that in an action of trespass to try title the plaintiff can not recover without showing a *prima facie* title. The assignment can not be sustained.

The second assignment complains of the refusal of the trial court to permit the defendant to read in evidence a part of the depositions of Mrs. Viana Spencer taken in the suit of Shepherd v. Clark, before mentioned. This evidence was offered, as stated by appellant's brief, for the purpose of showing that the heirs of Elisha Spencer had not sold their interest in said land to William Clark, or to any one else, and therefore Clark could not have recovered in said suit upon the Spencer title, and the judgment in his favor did not connect him with

said title. The witness whose deposition in the former suit was offered was dead at the time said deposition was offered in this suit.

The offered testimony was not material to defendant's case, and was therefore properly excluded, even if it were permissible in this suit to use the depositions taken in the former suit between persons not parties to this suit.

According to our view of the case, as before expressed, evidence showing title in the heirs of Spencer at the time the judgment in favor of Clark was rendered against them for the land, so far from destroying the *prima facie* effect of that judgment as a link connecting appellee with the Spencer title strengthens and confirms it, and appellant can not object to the exclusion of such evidence.

We do not think the evidence is sufficient to show a transfer of the certificate by Elisha Spencer, but conceding, for the sake of argument, that it is, the title thus acquired could not be asserted against a purchaser for value who acquired the title of the heirs of Spencer to whom the land was patented without any notice, actual or constructive, of the transfer of the certificate, and the undisputed evidence in this case shows that both appellee and its immediate vendor was a purchaser for value without notice of appellant's claim. Wimberly v. Pabst, 55 Texas, 587; Lewis v. Johnson, 68 Texas, 448; Bogart v. Moody, 79 S. W., 633.

Upon this state of the record it is unnecessary for us to determine whether the transfer of the certificate to P. Halpin, conceding, for the sake of argument, that the evidence shows such transfer, is an outstanding title which appellant, without connecting himself therewith, can use to defeat appellee's title.

The third assignment of error, which complains of the charge of the court which, in effect, instructs the jury that appellant, in order to defeat appellee's recovery on the ground of outstanding title in Halpin, must connect himself with such title, can not be sustained because, if the charge was erroneous as contended, such error was harmless in view of the undisputed evidence showing appellee to have purchased for value without notice of such outstanding claim or title.

What we have said disposes of all the material questions presented by the appeal, and the remaining assignments of error need not be discussed. Each of them have been duly considered and none of them should be sustained. We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

*Affirmed.*

Writ of error refused.