**SCIRAFFA v. FLORES et al.    (No. 7386.)**

(Court of Civil Appeals of Texas. San Antonio. June 10, 1925. Rehearing Denied June 27, 1925.)

1. **Trespass to try title** ⬥27 — **Defendants claiming adverse possession of land not necessary parties to suit by plaintiff to recover title and possession against another.**

Defendants claiming adverse possession of land were not necessary parties to suit instituted by plaintiff to recover title and possession thereto against another, inasmuch as judgment obtained by plaintiff in such suit did not affect defendant's rights but only undertook to pass such other's title and right of possession to plaintiff.

2. **Adverse possession** ⬥46—**Judgment to land did not dispossess prior possessor in possession claiming adversely.**

While a deed, conveyance, or judgment passing title draws possession of the described land to extent of its boundaries to true owner, yet subsequently acquired judgment or title does not dispossess a prior claimant in possession, so as to stop running of statute of limitations in favor of trespasser, once the running of the statute is properly begun under claim of title.

3. **Appeal and error** ⬥1050(1)—**Error in excluding judgment as link in plaintiff's title immaterial if defendants acquired title by adverse possession prior thereto.**

In action of trespass to try title, where defendants claimed by adverse possession, exclusion of judgment offered by plaintiff as muniment of his title was immaterial, if the facts showed that defendants had acquired title by adverse possession, begun prior to institution of suit in which judgment was obtained, and continued up until bringing of present cause.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Judgment ⬉⬊515—One not a party to suit cannot defeat judgment obtained therein on ground of fraud.**

One not a party to suit cannot defeat judgment obtained therein on ground of fraud.

**5. Trial ⬉⬊350(3)—Issue held erroneous as unnecessarily requiring plaintiff to show ten-year consecutive possession of land before suit to try title.**

In an action of trespass to try title, where defendants claimed title by adverse possession, a special issue inquiring whether plaintiff had peaceable and adverse possession for any period of ten consecutive years before suit was error, in view of Rev. St. arts. 5680–5682, inasmuch as plaintiff had shown paper title, actual possession for ten consecutive years prior to suit was unnecessary to his recovery.

**6. Trial ⬉⬊350(3)—Issue as to plaintiff's actual possession of property held not necessary where plaintiff had paper title.**

In trespass to try title, where defendants claimed title by adverse possession, a special issue inquiring whether plaintiff had actual possession of land before time defendant entered into possession was not necessary, where paper title in plaintiff was shown.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Rafael Sciraffa against Antonio Flores and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

W. W. Winslow and Hicks, Hicks, Dickson & Bobbitt, all of Laredo, and R. D. Wright, of San Antonio, for appellant.

Pope, Pope & Pope, of Laredo, for appellees.

COBBS, J. Appellant sued appellees in the district court of Webb county, in the usual form of cases in trespass to try title to recover land, also claiming title by virtue of the statute of limitation of ten years and more. Appellees pleaded a prior adverse possession and title under the ten-year statute, and further that the judgment under which appellant claims as a muniment of his title in cause No. 5436, entitled Sciraffa v. Thomas W. Wood, rendered in said cause on the 25th day of April, 1921, was invalid and not binding upon the defendants because they were in possession of the land at the time of its rendition and were not parties to the suit, and that the allegations in the petition in said cause and the evidence upon which the judgment was based were false and untrue. The case was tried before a jury, and the appellant, Rafael Sciraffa, introduced in evidence a regular chain of title from the sovereignty of the soil to Thomas W. Wood. The case was tried with a jury on special issues found in favor of appellees, and thereupon the court entered a judgment in favor of appellees.

It was apparent that the title to the land was vested in Thomas W. Wood, not claimed by appellees as a common source of title or otherwise, but appellant held title thereunder claiming that whatever title Wood had in the land he had acquired through a judgment obtained by him as aforesaid, in a suit in trespass to try title rendered against Wood for the land, on the 25th day of April, 1921, in said court. Upon objection to its admissibility in evidence as against appellees, the court excluded it, upon motion of appellees, and instructed the jury not to consider it. This ruling, though error, would not of itself necessarily cause a reversal. The grounds upon which the objection was made and the ruling of the court obtained were: (a) The appellees were not parties to the suit; (b) but were then in possession of the land, claiming, using, occupying, and enjoying it; (c) judgment was procured by fraud against appellees, to use against them to show an outstanding title against Rafael Sciraffa (this last reason we hardly understand as applicable here); (d) said judgment is irrelevant, immaterial, and prejudicial to appellees' rights. This motion was granted and the judgment excluded.

The judgment against Wood was regular on its face and not subject to any collateral attack by appellees; and on its face it passed all of the right, title, and interest of Wood therein to appellant.

[1] These appellees were not necessary parties to appellant's suit to recover title and possession to the land against Wood, whether appellees were in possession claiming it or not. But their prior rights, such as they may have had against Wood, were not affected by this judgment; it only undertook to pass Wood's title and right of possession to appellant. Whatever prior rights against Wood by virtue of any prior possession of appellees' claim, it was in no way affected by or interfered with, and their limitation claim ran right along in connection with their possession, if any, until this suit was filed, which stopped its running. Appellees have shown no paper title, but appellant has shown one from the sovereign on down through Wood, the owner, subject only to be defeated by some prior right or claim acquired by appellees against Wood. If appellees' adverse limitation title of ten years began before the Wood judgment, then it would not be stopped or suspended until this suit was instituted for the land.

[2, 3] While it is well settled that a deed, conveyance, or judgment passing title draws the possession of the described land to the extent of its boundaries to the true owner, yet such a subsequently acquired judgment or title would not dispossess a prior claimant in possession, so as to stop the running of the statute of limitation in favor of the trespasser, once properly begun under a claim

of title. It would require a suit to do that. Generally, one having a prior possession of land by virtue of which, he may oust naked trespassers. Lockett v. Glenn (Tex. Sup.) 65 S. W. 482. It follows, therefore, from what we have said that the right of the parties must depend upon appellees' prior limitation title. Appellant's rights are fixed and determined by his superior legal title by virtue of the judgment as well as by his prior possession, if any. Appellant acquired Wood's title by the judgment for the land against the world. If the facts are sufficient to show title acquired by appellees by virtue of prior possession begun prior to the Wood judgment and continued up to the institution of this suit, the error in excluding the judgment would not become material.

There could not be two persons, mere naked trespassers, in adverse possession of the same land, holding and claiming title thereto adversely, occupying it at the same time, without any color of title that would give the one the advantage over the other as to the right of possession. It would take more than that. Article 5682, R. S.

[4] There is no element of any apparent fraud evinced in procuring the judgment, on its face. If so, even then appellees are in no way concerned, because the judgment was entered while they were in possession. Appellee was not a party thereto and made himself no party. He is therefore a stranger to the title and is not affected thereby. He, himself, was a trespasser and not a party to the suit and cannot defeat the judgment on the claim of fraud. Capt v. Stubbs, 68 Tex. 222, 4 S. W. 467; Grant v. Hill (Tex. Civ. App.), 30 S. W. 952; Ingalls v. Orange Lbr. Co., 56 Tex. Civ. App. 543, 122 S. W. 53; Owens v. N. Y. & T. Land Co. (Tex. Civ. App.) 45 S. W. 601.

The judgment could only be introduced on the ground it was, as a mere muniment of title, not to prove any collateral fact or inquiry as to the evidence or right by which it was acquired. McCamant v. Roberts, 66 Tex. 260, 1 S. W. 261; Ellis v. Le Bow, 96 Tex. 537, 74 S. W. 528; Blunt v. Houston Oil Co. (Tex. Civ. App.) 146 S. W. 248; Randell v. Robinson (Tex. Civ. App.) 146 S. W. 717.

Of course, it will be understood, from what we have said, that such a judgment is not available as against a person having a prior right and claim to the land. Heard v. Vineyard (Tex. Com. App.) 212 S. W. 489. If appellees claim an adverse occupancy begun prior to the judgment, it would not of itself abrogate any limitation claim of appellees, but it would stop the running of limitation at the filing of this suit.

As the main issue between the parties was based upon the limitation title of appellees, appellant requested the court to instruct the jury in issue No. 2, "Did Rafael Sciraffa have actual possession of block No. 904 before the time defendant Antonio Flores entered possession?" The court refused to give this charge.

This charge was not only applicable upon the limitation title claimed as discussed, but to show a prior, superior title by possession, upon which the appellant could recover title against subsequent trespassers. Boyd v. Miller, 22 Tex. Civ. App. 165, 54 S. W. 411; Teagarden v. Patten, 48 Tex. Civ. App. 571, 107 S. W. 909.

[5] Appellees claim as to question No. 1, given by the charge, "Did the plaintiff, Rafael Sciraffa, have peaceable and adverse possession of block 904, cultivating, using, or enjoying the same for any period of ten consecutive years before the suit was filed, June 27, 1921?" to which the jury answered "No," appellant had Wood's title prior to that time by the judgment dated April 25, 1921. This was not a correct issue under articles 5680–5681, R. S.

However, even though the jury answered the question in the negative, that was not a sufficient finding to base a judgment in favor of appellees against appellant upon his claim of limitation.

In this situation appellant requested the court to submit the question to them: "Did the plaintiff, Rafael Sciraffa, have actual possession of block No. 904, before the time defendant Antonio Flores entered possession?"

The material inquiry here was as to whether appellant was in possession of the land claiming it before Antonio Flores claimed possession began.

[6] Appellant having shown a paper title, it was not necessary, but was error, to confine his recovery to any period of ten consecutive years as was done. If the appellees' issue of ten years' limitation and prior possession had been submitted to the jury, it would have been a proper issue and meant something, but not in the form and manner attempted.

For the errors shown to have been committed in the case, the judgment is reversed and the cause remanded for a new trial.