## HALL v. BRADLEY et al.   (No. 6957.)

(Court of Civil Appeals of Texas. Austin. March 10, 1926. Rehearing Denied March 31, 1926.)

1. **Judgment** ⟲248—**Judgment that plaintiff failed to show superior title held only possible one under pleading and evidence.**

In trespass to try title for interest in oil and gas lease, where plaintiff did not introduce abstract of judgment alleged to have been filed for record prior to assignment of the interest to wife of original judgment debtor, and abandoned all pleadings save one in trespass, judgment that plaintiff failed to show superior title was only one that could have been rendered under pleadings and evidence.

2. **Trespass to try title** ⟲35(2)—**Evidence of abstract of judgment filed for record prior to assignment to defendant held admissible under general plea.**

Under general plea in trespass to try title, evidence of abstract of judgment alleged to have been filed for record prior to assignment to wife of judgment debtor of interest in oil and gas lease was admissible.

3. **Trespass to try title** ⟲47(1)—**In trespass to try title no equitable relief may be granted unless specifically pleaded and proved, but the one showing superior title must recover.**

In trespass to try title, no equitable relief may be granted unless specifically pleaded and proved, and without such pleading whoever shows superior title must recover, although fact exists which if properly pleaded and proved would have entitled opposite party to relief.

4. **Appeal and error** ⟲845(2).

Where case is submitted on agreed statement of facts, only evidence contained therein can be considered.

⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

5. **Trespass to try title** ⊜⇒41 (1)—**Assignee of interest in oil and gas lease held to have superior title and entitled to judgment.**

Where, to sustain plea in trespass to try title to interest in oil and gas lease, plaintiff offered common source of title and levy and sale under execution which was subsequent to filing for record of conveyance of legal title to property levied on to assignee of legal title, latter *held* to have superior title and entitled to judgment.

Appeal· from District Court, Brown County; J. O. Woodward, Judge.

Trespass to try title by Ed. G. Hall against Eula L. Bradley and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Courtney Gray, of Brownwood, for appellant.

Jenkins, Miller & Harris, of Brownwood, for appellees.

BLAIR, J. The suit is one in trespass to try title for a three sixty-fourths interest in an oil and gas lease covering 50 acres of land in Brown county, Tex. The lease was assigned by P. L. and J. L. Tippitt to F. M. Godwin, who is common source of title. Shortly after Godwin obtained the lease he entered into a verbal agreement with W. D. Gulley, R. F. Honea et al. to drill a well for oil and gas, Gulley being made the agent of the others to promote the enterprise. In promoting the well Gulley granted and promised a certain interest in the lease to various parties in consideration for work performed or to be performed incident to drilling the well. He contracted with appellee W. W. Bradley to do certain hauling with his truck in connection with the drilling of the well on the lease, and for which Bradley was to receive a three sixty-fourths undivided interest in the lease, which agreement Godwin approved and recognized. The agreement was oral, and no written assignment was ever made to Bradley. Bradley performed the services pursuant to the agreement, and the well was completed and came in a "producer," and was so at the date of the trial of the cause. The date of completion of the well was early in the year 1923.

On August 25, 1924, at the suggestion of appellee W. W. Bradley, Godwin executed and assigned a three sixty-fourths interest in the lease to appellee Eula L. Bradley, wife of the said W. W. Bradley. The assignment recited as consideration the sum of $1 and other good and valuable consideration paid by Eula Bradley out of her separate estate, and that the interest in the lease assigned to her was to be her separate estate. It was duly filed for record on the date of its execution in Brown county, Tex., at 11 o'clock a. m.

The same date, August 25, 1924, appellant, Ed. G. Hall, caused to be issued an execution out of the district court of Brown county, Tex., against appellee W. W. Bradley, on a judgment previously obtained, and the sheriff at 3:40 o'clock p. m. on the same date levied upon the three sixty-fourths interest in the lease as the property of the said W. W. Bradley. The interest was duly sold under the levy, after written notice of the sale was mailed to both W. W. and Eula L. Bradley, on the first Tuesday in October, 1924, to appellant, Ed. G. Hall, to whom the sheriff executed and delivered his deed of assignment, which was duly filed for record in Brown county, Tex.

The only evidence introduced by appellees was the assignment from Godwin to Eula L. Bradley.

Before proceeding to trial appellant "abandoned all pleadings save his count in trespass to try title." Appellees pleaded a denial, not guilty, and numerous special exceptions, and asked that Eula L. Bradley be allowed to recover the three sixty-fourths interest in the lease as her separate property.

The case was tried to the court without a jury, and upon the above facts and pleadings judgment was rendered that W. W. Bradley never at any time had any interest in the lease subject to levy and sale; that appellant E. G. Hall failed to show superior title in the three sixty-fourths interest in the lease from common source or otherwise; and that appellee Eula L. Bradley was entitled to recover a three sixty-fourths interest· in the lease and to have the claim of appellant thereto canceled.

[1] An issue has arisen as· to the state of appellant's pleadings, which, in our opinion, practically determines all questions on the appeal. As to. them counsel agreed:

"Supplementary to the above agreed statement of facts, it is further agreed that, before going into trial, the plaintiff abandoned all pleadings save his count in trespass to try title."

[2] Appellant now insists that the only pleadings abandoned by him were those alleging the assignment to Eula L. Bradley to be "fraudulently made;" and that those with reference to the recording and filing of an abstract of judgment by appellant and all other amended parts of the pleadings were expressly retained. To this· we cannot agree, for the language of the above agreement, "the plaintiff abandoned all pleadings save his count in trespass to try title," leaves no room for argument, and all pleadings save the one in trespass to try title are abandoned. We think, however, that appellant could have introduced the abstract of judgment alleged to have been filed for record prior to the assignment to Mrs. Bradley, under the general plea in trespass to try title, and as showing superior title in him. Carl v. Settegast (Tex. Com. App.) 237 S. W. 238. But he did not so introduce the abstract of judgment; at least

the agreed statement of facts makes no mention of it. That being true, the trial court rendered the only judgment it could have rendered in the case under the pleadings and the evidence.

[3] It is the law in trespass to try title suits no equitable relief may be granted unless specifically pleaded and proved, and that, without such equities being pleaded, whoever shows a superior title to the land must recover, although facts may have existed which, if properly pleaded and proved, would have entitled the opposing party to affirmative relief. Packard v. De Miranda (Tex. Civ. App.) 146 S. W. 211; Smith v. Olivarri (Tex. Civ. App.) 127 S. W. 235; Carter v. Attoway, 46 Tex. 108.

[4] It is without question that, if appellant had any right as against the assignment to Mrs. Bradley, other than the filing of the abstract of judgment pleaded prior thereto, it was an equitable interest or right. The pleadings with respect to these equities were abandoned. But, aside from the fact that no equitable pleadings were addressed to it, there is no evidence in the agreed statement of facts in this case which casts any reflection upon the assignment. The only evidence before us is the written assignment from Godwin to Mrs. Bradley, which recites a valuable consideration paid by her out of her separate property, and that she took the lease as her separate estate. While it may be true as stated by appellant in his brief that there was testimony attacking the assignment, it cannot be considered by us, since the agreed statement of facts does not contain it. Appellees admit in their brief that such testimony was admitted over their objection that it was immaterial, prejudicial, and not pertinent to any issue raised by the pleadings, but that the trial was before the court, who evidently and properly did not consider it. The record sustains this view, and appellant's counsel did not see fit or proper to incorporate the testimony in the statement of facts.

The same is true with respect to the appellant obtaining an interest in the lease by reason of the abstract of judgment against W. W. Bradley being of record prior to the assignment to Mrs. Bradley. This, of course, assumes that Bradley had an interest in the lease subject to execution, which we do not pass upon, by reason of the oral agreement to haul with his truck in aid of the well-drilling enterprise. As stated above, the agreed statement of facts shows nothing with reference to the abstract of judgment. So the only proof of record shows a valid assignment of the lease levied upon prior to the levy, and which without question shows superior title in Mrs. Bradley. That being true the judgment rendered was the only one that could have been rendered. This conclusion is certainly true since appellant makes no assignment complaining of the lack of evidence

to support the conclusions of the court. Packard v. De Miranda, supra.

In the case of Sebastian v. Martin Brown Co., 12 S. W. 986, 75 Tex. 291, it is held:

"Before the burden of proof shifts in any case the plaintiff must establish his cause of action at least by prima facie proof. In action of trespass to try title in which he claims under a sheriff's deed he does not make a prima facie case merely by introducing his judgment, execution, and deed, and by proving that his adversary claims under the defendant in execution, without showing that the latter's title is inferior to his own."

[5] In the case at bar appellant's plea is only in trespass to try title. To sustain it he offered common source and his levy and sale under execution, which was subsequent to the execution and filing for record of a conveyance of the legal title to the property levied upon to another. Under such pleadings and the agreed facts the assignee of the lease showed superiority of title to it, and was therefore entitled to judgment.

Appellant contends that since Mrs. Bradley sought and obtained affirmative relief that she must show herself entitled to it. This she did, if that burden was upon her, on which question we do not pass, when she introduced her prior written assignment of the lease.

Under this view of the case the other questions presented become immaterial, and the trial court's judgment is affirmed in all things.

Affirmed.