## JOHNSTON et ux. v. PICKERING LUMBER SALES CO. et al.

Court of Civil Appeals of Texas. San Antonio.

Dec. 13, 1939.

Rehearing Denied Jan. 10, 1940.

S. D. Hopkins, of Corpus Christi, for appellants.

Vinson, Elkins, Weems & Francis, W. H. Francis, Jr., and Thomas Fletcher, all of Houston, Raymond Edwards, of San Antonio, and Jno. C. North, of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by Richard Lloyd Johnston and his wife, Elsie B. Johnston, against Pickering Lumber Sales Company and others, seeking to recover title and possession of three tracts or parcels of land situated in Nueces County, Texas. Union Producing Company was permitted to intervene in the cause.

The trial was to a jury and, upon the completion of testimony by the plaintiffs below, the trial judge instructed a verdict favorable to all the defendants and intervener, from which judgment Johnston and wife have prosecuted this appeal.

It is shown by the pleadings and the evidence that appellants acquired title to the three tracts of land in about the year 1928. Thereafter, to secure certain indebtedness, appellants executed a deed of trust to Jno. C. North, as trustee, for the benefit of Pickering Lumber Company, covering the three tracts of land above mentioned, and also a deed in trust to Frank Bluntzer, authorizing him to make certain disposition of the property under named conditions.

Afterwards, on November 6, 1930, there was a purported trustee's sale by Jno. C. North, under the power of sale given him in the deed of trust, and the land was sold and deeded to Pickering Lumber Sales Company, a different corporation from that of Pickering Lumber Company.

Afterwards Johnston and wife brought a suit styled Johnston and wife v. Pickering Lumber Company, being cause No. 11,-647, in the 117th District Court of Nueces County, in which they sought to have this trustee's sale by Jno. C. North set aside. In which case the court, on July 8, 1931, entered judgment; that the plaintiffs announced that they would no longer prosecute their suit and that it was therefore ordered that the defendant Pickering Lumber Sales Company "go hence without day and have and recover its costs."

Later, Pickering Lumber Sales Company instituted cause No. 12,166–A against Johnston and wife seeking possession of the tracts of land involved herein. Johnston and wife answered and set up a cross-action again attacking the trustee's sale by Jno. C. North, and this suit resulted in a judgment favorable to Pickering Lumber Sales Company. There was no appeal taken from either of these two judgments.

The suit at bar was filed on November 2, 1937, more than five years after the execution of the trustee's deed. It is. plain that this suit is an attempt to again litigate a question which has already been adjudicated against appellants, and, further, it is a suit to set aside a trustee's deed, brought more than four years after the execution of such deed was known to appellants.

Appellants plead a common source of title and in proving up the common source they proved the title under which they were claiming and the title under which appellees herein were claiming, and showed the title of appellees to be a superior title to that of appellants. Under such circumstances the trial court properly instructed a verdict for appellees.

In Hovel v. Kaufman, Tex.Civ.App., 266 S.W. 858, 861, affirmed by the Commission of Appeals, 280 S.W. 185, 188, Justice Smith, speaking for this Court, said:

"We have concluded, however, that the weight of authority is against appellant's contention, for the more settled holding seems to be, in effect, first, that the plaintiff claiming under common source, as here, must make out a prima facie case, of course; second, that in order to make out a prima facie case he must not only show the common source, but must go further, and show that his title thereunder is superior to the title shown by such evidence to be in the defendant; and, third, that if from the evidence of common source introduced by plaintiff the defendant appears to have the superior title, then the plaintiff cannot stop, but must proceed further and show that the defendant's title thus exhibited, although apparently superior to that of plaintiff, is not, for proven reasons so. Simmons Co. v. Davis, supra [87 Tex. 146, 27 S.W. 62]; Rice v. Railway, 87 Tex. 90, 26 S.W. 1047, 47 Am.St.Rep. 72; Keys v. Mason, 44 Tex. 140; Sebastian v. Martin Brown Co., 75 Tex. 291, 12 S.W. 986. Appellant fell short of these requirements, for, in proving the common source, she put in evidence testimony which of its own force showed the defendants' title to be superior to hers, and rested her case while it was in that status.

"If the testimony offered by plaintiff below to show common source had within itself shown her title to be superior to that of the defendants there, then it would have forced the latter to become the actors, and, in order to prevail, to not only supply the hiatus left in their title as shown by plaintiff's evidence, but to go further and in their own behalf affirmatively introduce the very testimony already put in evidence by plaintiff and necessary to establish their claim of superiority."

Judge Harvey, in affirming this Court, in the same case had this to say: "The correct rule is that, whenever a plaintiff, in a suit in trespass to try title, undertakes to sustain his claim of title by proof of common source, he must show, in order to make a prima facie case for himself, not only that both he and the defendant claim title under a common source, but also must show that the title emanating from the common source which the plaintiff claims is superior to that claimed by defendant, and that plaintiff holds such title. The sub-

stance of this general rule has been repeatedly announced by the Supreme Court. Keys v. Mason, 44 Tex. 140; Sebastian v. Martin Brown Co., 75 Tex. 291, 12 S.W. 986; Howard v. Masterson, 77 Tex. 41, 13 S.W. 635; Rice v. Railway Co., 87 Tex. 90, 26 S.W. 1047, 47 Am.St.Rep. 72; Simmons Hardware Co. v. Davis, 87 Tex. 146, 27 S. W. 62. Although in all of the cases which have come to our notice, including those cited above, the declaration of this general rule partakes more or less of the nature of dictum, we think the rule so announced is essentially sound and in harmony with the statute to which we have referred."

The conclusion we have reached herein renders it unnecessary to pass upon other questions raised by appellant.

The judgment is affirmed.