**GATHINGS v. ROBERTSON et al.***
(No. 7165.)

(Court of Civil Appeals of Texas. San Antonio. May 22, 1924. Rehearing Denied June 18, 1924.)

**I. Appeal and error ☞79(I)—Contribution ☞I—Execution ☞7—Judgment ☞233— To be final, must dispose of all parties to suit.**

Where one or more defendants are sued jointly with others, judgment is not final if either of such defendants is not disposed of, but remains under court's control, and will not support an appeal, execution, or an action for contribution.

**2. Judgment ☞217—Held regular on its face, and appearing to be final.**

Judgment naming all parties to suit, and showing service of process on each of them, and reciting value of matter in controversy, showing it to be within court's jurisdiction and fully disposing of rights and liabilities of all defendants, and subject-matter and taxing costs, and directing execution to enforce decree, held regular on its face, and in appearance to be final.

**3. Judgment ☞486(I), 489—May not be questioned in collateral proceeding, unless absolutely void, and is not void if court had jurisdiction over subject-matter and persons.**

Unless a judgment is absolutely void, it cannot be questioned in a collateral inquiry, and it is not void if court rendering it had jurisdiction over subject-matter and persons sought to be bound thereby.

**4. Judgment ☞502—In suit on note not open to collateral attack for failure to make receiver of principal obligor a defendant.**

A judgment in a suit on a note could not be attacked in a collateral proceeding because receiver of principal obligor was not made a defendant where judgment was entirely regular according to its recitals, and no contention was made that court did not have jurisdiction of both subject-matter and persons.

**5. Judgment ☞502—Finality not affected even if fact that receiver of principal obligor was not made a defendant could be shown in a collateral inquiry.**

Finality of a judgment on note would not be affected, if the fact that receiver of principal obligor was not made a defendant could be shown in a collateral inquiry, since it would be presumed that prior to entry of final judgment trial court dismissed or made some other effective disposition of receiver.

**6. Judgment ☞517—Final as to matters actually litigated in collateral inquiry, or those which might have been litigated.**

A judgment of a court possessing competent jurisdiction in a suit on a note was final as to defendant's contention in a collateral inquiry that he was only liable as a surety thereon; such judgment being final not only as to matters actually litigated, but also as to other matters which might have been litigated.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Action by John E. Robertson and others against D. A. Gathings. Judgment for plaintiffs, and defendant appeals. Affirmed.

Clay Cooke, of Fort Worth, for appellant. Penix, Miller & Perkins, of Mineral Wells, for appellees.

SMITH, J. On January 26, 1920, the following judgment was rendered in the district court of Wichita county:

---

"City National Bank of Wichita Falls, Texas, v. John E. Robertson et al. No. 6431.

"January 26, A. D. 1920.

"On this day came on to be heard the plaintiff, and the defendants John E. Robertson, Anson Hazlewood, and Mrs. Dollie Hazlewood, executors of the estate of G. W. Hazlewood, deceased, appeared by their attorneys, respectively, and announced ready for trial, and the defendant D. A. Gathings, although having been duly served with citation and having filed an answer herein, made no further appearance, and, a jury being waived, all matters of law as well as of fact were submitted to the court, and the court, having heard the pleadings and evidence, is of the opinion and finds that the plaintiff's cause of action is liquidated and proven by an instrument in writing, to wit, a certain promissory note for the sum of $5,000, dated April 15, 1918, and executed by the defendants John E. Robertson, Anson Hazlewood, and D. A. Gathings, together with G. W. Hazlewood, deceased, payable to the plaintiff, and given in renewal of former note for the sum of $5,000, which said note was given in renewal of original note executed by Atlas Windmill Company as principal, and the said John E. Robertson, Anson Hazlewood, G. W. Hazlewood, and D. A. Gathings, as sureties, and that plaintiff should recover as prayed for in its amended original petition; and, it further appearing that, since the institution of this suit, and after the service of citation on the said G. W. Hazlewood, one of the original defendants herein, the said G. W. Hazlewood died testate, and at the time of his death was a resident of Palo Pinto county, Tex., and that by the terms of his will, which has been duly probated in the county court of Palo Pinto county, Tex., Anson Hazlewood and Mrs. Dollie Hazlewood duly named and appointed executors of the will and estate of the said G. W. Hazlewood, deceased, and that each and both of said executors have qualified as such, and, it further appearing that the said executors have each and both been duly served with citation herein, it is the opinion of the court that the plaintiff should recover from the defendants hereinabove named the amount sued for.

"It further appearing that there is now due the principal sum of $5,000 on said note, together with interest thereon from July 15, 1918, at the rate of 8 per cent. per annum, and the further sum of 10 per cent. on the principal and interest as attorney's fees, aggregating the sum of $5,656, it is therefore considered, adjudged, and decreed by the court that the plaintiff, City National Bank of Wichita Falls, Tex., a banking corporation, do have and recover of and from the defendants, John E. Robertson, Anson Hazlewood, and D. A. Gathings, and Anson Hazlewood and Mrs. Dollie Hazlewood as executors of the will and estate of G. W. Hazlewood, deceased, jointly and severally, the sum of $5,656, together with interest thereon at the rate of 8 per cent. per annum from and after this date, together with all costs in this behalf expended, for all of which execution may issue.

"It is further ordered that execution issue herein in favor of the officers of the court against each of the parties herein for all costs by them respectively herein incurred."

Subsequently the instant suit was brought in the district court of Palo Pinto county by Robertson and the Hazlewoods, defendants in said judgment, against Gathings, the remaining defendant therein. It was alleged that said judgment was rendered against the plaintiffs and defendant herein, jointly and severally, and all were equally liable thereunder; that the plaintiffs Robertson and the Hazlewoods, had been compelled to pay off said judgment in its entirety, and they sought herein to recover of their co-obligor, Gathings, his pro rata or one-fourth of the amount of said judgment.

Gathings contested this suit, chiefly upon the ground that the judgment upon which the action was based was not in law a final judgment. Under this contention appellant asserts that one M. Coppard was impleaded in the original suit as receiver of the Atlas Windmill Company, had answered therein, and was therefore a party defendant in that suit, but that he was not disposed of in the judgment rendered therein, and sued on herein, and that therefore said judgment was not final, and would not support this action for contribution based thereon.

[1] It is undoubtedly true that in order to be a final judgment such judgment must dispose of all the parties to the suit, except in certain situations not existing in this case. This is particularly true where one or more defendants are sued jointly with others, in which case, if either of such defendants is not disposed of in the judgment, such judgment is not final, but remains under the control of the court, and will not support an appeal, execution, or an action for contribution based thereon. Black, Judg. § 959; Ledyard v. Brown, 39 Tex. 402; Willis v. Keator (Tex. Civ. App.) 181 S. W. 556.

[2] But the judgment in question does not appear, upon its face, to be subject to this or any other objection. It appears in all respects to be regular. It purports to name all the parties to the suit, and to show service of process upon each of them. It recites the value of the matter in controversy, showing it to be within the exclusive jurisdiction of the court rendering the judgment, and it fully disposes of the subject-matter of the suit. It specifically disposes of each and all the defendants, fully adjudicates their rights and liabilities with reference to the matters in controversy, taxes the costs of suit, and directs the issuance of execution to enforce the decree. So the judgment is regular upon its face. It appears to be final.

[3, 4] But it is contended by appellant that the Atlas Windmill Company was the principal obligor in the note sued on in the original suit, and that Coppard, the receiver of that company, was a party defendant in that suit; that the omission to dispose of him in the judgment deprived that judgment of the quality of finality, whereby it became merely

an interlocutory order or judgment, and cannot support this action for contribution based thereon. None of these facts appear upon the face of the judgment, and the question arises: May those facts be shown in a collateral proceeding such as this?

We understand the rule to be that, unless a judgment is absolutely void, it may not be questioned in a collateral inquiry, and that a judgment is not void if the court rendering it had jurisdiction over the subject-matter and of the persons sought to be bound thereby. Freeman, Judg. §§ 116, 272; Sutherland v. De Leon, 1 Tex. 250, 310, 46 Am. Dec. 100; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325. The rule is tersely stated by Mr. Justice Lipscomb in the case first cited:

"We believe that the true rule of distinction, as established by the concurrent decisions of the most respectable tribunals, between a void and a voidable judgment, is this: Has the court jurisdiction and has that jurisdiction attached? Has the court no jurisdiction or has the jurisdiction not attached? The former would be a judgment not to be questioned by a collateral inquiry, and until reversed would be binding on all other courts; the latter would be a nullity and could give no right and afford no defense."

Tested by the rule stated the judgment here under consideration certainly was not void. It is entirely regular according to its own recitals, and there is no contention that the court rendering it did not have jurisdiction of both the subject-matter and the persons sought to be bound thereby. This being true, it is "binding upon all other courts until reversed."

[5] Considering again for a moment, the contention of appellant that the judgment in question is not a final judgment, because it appears from the pleadings in the original cause that Coppard, receiver, was a party to the suit, but was not disposed of in the judgment: Even if this question could be raised in a collateral inquiry, it will be conclusively presumed, probably in any event and certainly in the absence of affirmative and conclusive proof to the contrary, that prior to the entry of the final judgment the court below dismissed or made some other effective disposition of Coppard. Gullett v. O'Connor, 54 Tex. 408; Burton v. Varnell, 5 Tex. 139; Houston v. Ward, 8 Tex. 124; Alston v. Emmerson, 83 Tex. 231, 18 S. W. 566, 29 Am. St. Rep. 639; Smith v. Wilson, 18 Tex. Civ. App. 26, 44 S. W. 556; Wilson v. Smith, 17 Tex. Civ. App. 188, 43 S. W. 1086.

[6] It is also contended by appellant that the Atlas Windmill Company was the principal obligor upon the note sued on in the prior suit, and appellant a mere surety thereon, and that under the law the holder of the note was not entitled to judgment until judgment was first had against the windmill company, or it was shown to be insolvent. In addition to this contention, appellant urges in this suit a number of other defenses on the merits of the prior suit. But none of these defenses may be urged in this suit, whether presented and actually disposed of in the original suit or not. This rule is too well settled to require the citation of authorities upholding it. The leading writer upon the subject states the rule in this way:

"A judgment of a court possessing competent jurisdiction is final, not only in reference to the matters actually or formally litigated, but as to all other matters which the parties might have litigated and had decided in the cause. A party cannot try his action in parts. The judgment is conclusive, not only of the matters contested, but as to every other thing within the knowledge of the complainant which might have been set up as a ground for relief in the first suit." Freeman, Judg. §§ 272, 435.

The judgment is affirmed.