HOVEL v. KAUFMAN et al. (No. 7226.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 19, 1924. Rehearing Denied Dec. 17, 1924.)

1. Insane persons ⬅70—Statute as to jurisdiction of claims against estates, held to relate only to claims and judgments which have accrued or been rendered against guardians as such.

Rev. St. arts. 2004, 4230, 4234, relating to probate court's jurisdiction of claims against estates of persons of unsound mind, apply only to claims and judgments which have accrued or been rendered against guardians of such persons as such.

2. Receivers ⬅145—Party fully devested of title in property before becoming insane held to have only an interest in proceeds on sale by receiver.

Where, by terms of judgment, which was permitted to become final, party was fully devested of his title to property, and title vested in receiver before he became insane, and guardian was appointed, his only enforceable interest was an unascertained residue of the proceeds to be derived from sale of property by receiver, against whom guardian would have a cause of action for an accounting in case of default or misappropriation.

3. Insane persons ⬅69—District court held to have jurisdiction until property of insane person was sold and proceeds distributed in accordance with prior judgment.

Where district court in litigation involving title to property had entered a final judgment adjusting equities of all the parties, and had directed receiver to sell property, before one of parties in interest was adjudged to be of unsound mind and guardian appointed by probate court, its jurisdiction continued until property was sold and proceeds of sale distributed in accordance with prior judgment; Rev. St. arts. 2004, 4230, 4234, being inapplicable.

4. Receivers ⬅59—Finding of appropriate facts presumed in support of action of district court.

If validity of proceedings in district court administering property through receivership, notwithstanding intervention of lunacy and guardianship proceedings in probate court affecting one of parties in interest, depended upon inadequacy of probate court's power to afford a complete remedy, finding of appropriate facts would be presumed in subsequent suit in trespass to try title in support of action of district court.

5. Receivers ⬅59—Validity of receivership proceedings not tried out in collateral proceeding.

Validity of receivership proceedings in district court, notwithstanding intervention of

lunacy and guardianship proceedings in probate court, if dependent on inadequacy of probate court's power to afford a complete remedy, should not be tried out in a collateral proceeding.

**6. Receivers ⊚◯59—Validity of district court's judgment and sale thereunder not subject to collateral attack.**

Validity of judgment of district court appointing receiver of property and of sale thereunder could not be attacked in a collateral proceeding on ground that because of party's insanity probate court had jurisdiction, where district court had jurisdiction of parties and subject-matter, as proceedings could be voidable only and not void.

**7. Trespass to try title ⊚◯6(1)—Verdict properly directed against plaintiff where evidence showed superior title in defendants.**

In trespass to try title, court properly directed verdict for defendants, though they introduced no evidence of title, notwithstanding Rev. St. art. 7749, providing that certified copies of title papers shall not be evidence of title in defendant unless offered by him, where plaintiff's evidence, within itself and tested only by its own elements, showed superior title to be in defendants.

**8. Trespass to try title ⊚◯11—Proof required to establish superior title in plaintiff stated.**

Plaintiff claiming under common source to make out a prima facie case must not only show the common source, but that his title thereunder is superior to title shown to be in defendants, and, if from such evidence introduced by plaintiff defendant appears to have the superior title, plaintiff must show that defendants' title, although apparently superior, is not for proven reasons.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Action by Mary Louise Hovel against L. Kaufman and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Lewright & Lewright and George G. Clifton, all of San Antonio, for appellant.

Taliaferro, Cunningham & Moursund, and W. B. Jack Ball, all of San Antonio, for appellees.

SMITH, J. This suit, in the form of an action in trespass to try title, was brought by appellant, Mary Louise Hovel, widow of J. C. Hovel, deceased, to recover of L. Kaufman and another, appellees herein, the title and possession of certain real property situated in the city of San Antonio. The Hovels purchased the property from Julia Swart, shown to have been the common source of the title of all the parties. Subsequently the title to the property got in litigation, involving vendor's, mechanic's, and tax liens, as well as other claims, and resulting in the entry of a final judgment in the Forty-Fifth district court of Bexar county, and the placing of the property in the custody of a receiver appointed by that court. Said judgment was agreed to by all the parties at interest, including the Hovels, was not set aside or appealed from or reversed, and therefore became final. By its express terms the title of the property was divested out of the Hovels as well as the other parties and vested in the receiver, who, subsequently and in pursuance of the provisions of the judgment, sold and conveyed the property to appellees herein, and such sales were confirmed by the orders of said district court. It is under this title that appellees assert their claim to the property in controversy.

No question is made of the regularity of the proceedings in the district court or of the validity of the receiver's sale and conveyance thereunder to appellees, except as that sale may be defeated by the fact that, after the entry of the agreed judgment and appointment of the receiver and the latter's assumption of title and custody of the property under said judgment, but before the sale and conveyance of the property to appellees by the receiver, J. C. Hovel, husband of appellant, was adjudged of unsound mind, and a guardian of his estate had qualified, and at the time of the sale was acting as such, under an appointment by the probate court of Bexar county.

One of the questions raised here, then, is whether or not the receiver appointed by the district court was authorized under the law, as applied to the facts we have stated, to sell and convey the property under the judgment theretofore rendered, notwithstanding the intervention of the lunacy and guardianship proceedings in the probate court between the time of the entry of said judgment and the date of sale thereunder.

Some years after the sale of the property by the receiver to appellees J. C. Hovel died, and his widow, Mary Louise, succeeding to his estate, brought the action in the Fifty-Seventh district court of Bexar county. Upon the trial appellant, as plaintiff, introduced evidence of the facts we have hereinabove recited; that is to say, she introduced evidence of common source of title of the proceedings in the former suit in the district court, and of the receiver's sale and conveyance of title into appellees, which evidence, it will be conceded, if given full and exclusive effect, showed the title to the property to be in appellees.

But appellant at the same time introduced evidence of the proceedings in the probate court, showing the adjudication of J. C. Hovel's insanity, the appointment and qualification of a guardian of his estate, his subsequent death, and the passing of his interest in the property involved into appellant herein. Having done this, she rested her case, whereupon, and without offering any testimony, appellees moved for an instructed

verdict, which was granted, and judgment was rendered in favor of the defendants. This appeal resulted.

Now it is contended by appellant that "the power to sell the property of an insane person, for whose estate the court has duly appointed a guardian, and which guardian has actually qualified and is acting, is exclusively vested in the county court, and an attempted sale thereof by the district court is void, in the absence of equities existing which make the power of sale of the probate court inadequate to grant full and complete relief"; that the sale in this case by the receiver for the district court, occurring after the qualification of the guardian appointed by the probate court, was void, because, for one reason, the equities of the parties were not such that the power of the probate court was inadequate to grant and administer full and complete relief. While these contentions may not be unsound in every particular, we must overrule them as a whole.

The general rule seems to be that, under the provisions of our Constitution (article 5, § 16), as construed by the courts, the probate courts have the exclusive power to administer upon estates of persons of unsound mind; that, where a probate court has once obtained jurisdiction in a particular case, or of a particular estate, the district court may not interfere with that jurisdiction, or with the control or administration of such estate, unless, indeed, the rights and equities of persons asserting claims upon the estate are of such nature that the power of the probate court is inadequate to grant appropriate relief, in which contingency the district court, in the exercise of its equity powers, may interfere and grant such relief. Cannon v. McDaniel, 46 Tex. 303.

And it is provided in articles 4230 and 2004, R. S., that when a claim against such estate is established by judgment, or recovery of money is had against the guardian, such judgment shall in the one case be filed with the clerk of the probate court and entered upon the claim docket along with other claims, and in the other case shall be certified to the probate court for enforcement. So, in article 4234, R. S., it is provided that any creditor of the ward or estate whose "claim has been approved by the court, or established by judgment," may file and prosecute such claim in the probate court.

Now appellant takes the position that by virtue of those provisions of the statutes "the proper procedure for the various judgment creditors * * * would have been to obtain certified copies of such judgment and file the same in the county court * * * in accordance with article 4230, * * * and to obtain an order of sale * * * in the county court, and to have the guardian in that cause sell the property in accordance with such order of sale, as provided for in article 4234, * * * or, should such judgment creditors have so preferred, any one or more of same could have filed a motion in the district court * * * to have the judgment * * * revised and reformed so as to permit the same to be certified to the county court for observance in accordance with article 2004 of our Revised Statutes. * * * In view of the fact that neither of these procedures was followed," appellant further contends "the attempted sales involved in this cause were and are void, and no title passed by virtue of said receiver's deeds and the purported confirmations thereof." We are of the opinion that there is no merit in these contentions.

[1] In the first place, for reasons equally applicable to article 4234, our Supreme Court has held that articles 4230 and 2004 apply only to claims and judgments which have accrued or been rendered against guardians as such. Simmons v. Arnim, 110 Tex. 309, 220 S. W. 66. Under that holding, the soundness of which cannot be questioned, the procedures provided for in the statutes cited are inapplicable here, because the judgment in controversy was not rendered against the guardian, nor the estate of a ward, neither of which existed at the time the judgment was rendered.

[2] The contention of appellants must fail, in our opinion, for still another reason. As has been shown by the terms of the judgment in question, which was permitted to become final, Hovel was fully divested of his title to the property in dispute, and that title had been vested in the receiver. It was out of Hovel, and in another, at the time Hovel became insane and the guardian was appointed and the only enforceable interest Hovel had in the transaction was an unascertained residue of the proceeds to be derived from the sale of the property by the receiver, against whom the guardian would have a cause of action for an accounting in case of default or misappropriation. Thaxton v. Smith, 90 Tex. 589, 40 S. W. 14.

[3] The case presented here must be disposed of in view of the facts peculiar to it. Here the district court, long before the institution of the lunacy proceedings in the probate court, had assumed jurisdiction over the property involved, and over the person of Hovel, while he was yet of sound mind; had, at the instance of Hovel and others at interest, entered a final judgment adjusting the equities of all the parties; had, upon motion of Hovel and the other parties, appointed a receiver of the property, who had qualified, was acting, and had assumed the custody of the property, the title to which had been divested out of the parties and vested in him; had directed the receiver to sell the property and apply the proceeds, as in said judgment directed in somewhat intricate detail, to the satisfaction of the eq-

uities of the several parties, including Hovel, who was still under no disability. It was not until after this juncture had been reached in the district court proceedings that Hovel was adjudged to be of unsound mind and a guardian of his estate appointed by the probate court. We think that in this state of facts the district court, having assumed and so fully and efficiently exercised jurisdiction of the property, had the power, and it was its duty, to continue to exercise that jurisdiction until the property was sold and the proceeds of sale distributed in accordance with the prior judgment, which had become final and binding upon Hovel while he was still of sound mind. Lauraine, Adm'r, v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501; Lauraine v. Masterson (Tex. Civ. App.) 193 S. W. 708 (writ of error denied, 202 S. W. xvii); Fulton, Adm'x, v. Bank, 26 Tex. Civ. App. 115, 62 S. W. 84.

[4, 5] If the validity of the proceedings in the district court depended in any degree upon the inadequacy of the power of the probate court to afford a complete remedy to all parties at interest, as appellant contends, then we think a finding of the appropriate facts will be presumed in support of the right action of the district court. Certainly it should not be tried out in a collateral proceeding such as this. Lee v. Kingsbury, 13 Tex. 68, 62 Am. Dec. 546; Gathings v. Robertson (Tex. Civ. App.) 264 S. W. 173. In the case first cited it was said by Mr. Justice Wheeler that—

"It is not necessary to the conclusiveness of the former judgment that issue should have been taken upon the precise point which it is proposed to controvert in the collateral action. It is sufficient if that point was essential to the former judgment."

[6] Nor do we think the validity of the judgment of the district court or the sale of the property thereunder may be attacked in any respect in this proceeding, which is obviously collateral to the proceeding in which such judgment was rendered and sale had. It is certainly true that that court had jurisdiction of the parties of the subject-matter, and therefore the proceedings, at worst, could be voidable only and not void. This being the case, those proceedings may be nullified only by suit brought directly for that purpose in the very court in which they were had. This rule is too well established and its applicability here too obvious to require argument or the citation of authorities to support it. Gathings v. Robertson, supra.

But one question remains for decision. Appellees introduced no testimony upon the trial, but relied solely upon the testimony put in evidence by appellant as plaintiff. The latter, for the purpose of showing common source, introduced evidence of all the facts we have recited herein, to wit, (a) the course of the title from the common source into appellant, the plaintiff, and thence down through the district court proceedings into appellees, defendants below; and (b) the proceedings in the probate court showing the insanity of Hovel, the appointment and qualification of a guardian of his estate, his subsequent death intestate, and the conveyance of their inherited interest by his surviving children into their mother and his widow, the appellant. Of course, the chronology of all these matters was shown, as we have set it out.

[7] Now, in connection with the facts set out in the last preceding paragraph, it is contended by appellant that, even though this testimony within itself and of its own force showed the superior title to be in appellees, yet nevertheless, under article 7749, R. S., it did not inure to the latter's benefit, and could not constitute evidence of their title, since they did not themselves introduce it, and since it was put in evidence only by appellant, and by her only, for the purpose of proving common source. It is provided, among other things, in article 7749, that proof of common source may be made by a plaintiff by certified copies of title papers, but that "such certified copies shall not be evidence of title in the defendant, unless offered in evidence by him," etc.

[8] Resort must be had to the decisions to dissipate the apparent soundness of appellant's contention that the evidence introduced by her to show common source could not avail defendants below for any purpose, in view of the quoted provision of article 7749. Those decisions appear to be somewhat confused, and, if one or the other of them is not distinguishable, or honeycombed with dicta, the two leading cases upon the point are surely in conflict with each other. Ogden v. Bosse, 86 Tex. 336, 24 S. W. 798; Simmons Co. v. Davis, 87 Tex. 146, 27 S. W. 62. We have concluded, however, that the weight of authority is against appellant's contention, for the more settled holding seems to be, in effect, first, that the plaintiff claiming under common source, as here, must make out a prima facie case, of course; second, that in order to make out a prima facie case he must not only show the common source, but must go further, and show that his title thereunder is superior to the title shown by such evidence to be in the defendant; and, third, that if from the evidence of common source introduced by plaintiff the defendant appears to have the superior title, then the plaintiff cannot stop, but must proceed further and show that the defendant's title thus exhibited, although apparently superior to that of plaintiff, is not, for proven reasons, so. Simmons Co. v. Davis, supra; Rice v. Railway, 87 Tex. 90, 26 S. W. 1047, 47 Am. St. Rep. 72; Keys v. Mason, 44 Tex. 140; Sebastian v. Martin Co., 75 Tex. 291, 12 S. W. 986. Appellant

fell short of these requirements, for, in proving the common source, she put in evidence testimony which of its own force showed the defendants' title to be superior to hers, and rested her case while it was in that status.

If the testimony offered by plaintiff below to show common source had within itself shown her title to be superior to that of the defendants there, then it would have forced the latter to become the actors, and, in order to prevail, to not only supply the hiatus left in their title as shown by plaintiff's evidence, but to go further and in their own behalf affirmatively introduce the very testimony already put in evidence by plaintiff and necessary to establish their claim of superiority.

But, so long as the plaintiff's evidence, within itself, and tested only by its own elements, showed the superior title to be in defendants, as was the case here, the plaintiff was in default of proof. She had not earned a favorable judgment, and in such situation the court properly directed a verdict against her.

The judgment is affirmed.

COBBS, J., being disqualified, did not sit during the hearing of this case.