### NYE et al. v. HAYWOOD et ux.
### No. 11417.

Court of Civil Appeals of Texas.
San Antonio.

June 7, 1944.

Rehearing Denied Aug. 16, 1944.

Chas. F. Guenther, Jr. and R. G. Harris, both of San Antonio, for appellants.

A. H. Lumpkin, of San Antonio, for appellees.

SMITH, Chief Justice.

L. N. Nye, joined pro forma by her husband, brought this action in trespass to try title against Elroy Haywood and wife to recover title to and possession of a tract of land situated in Bexar County. Trial to the court resulted in judgment that plaintiffs Nye recover nothing of defendants Haywood. The Nyes have appealed. They will be referred to herein as plaintiffs and the Haywoods as defendants, as in the trial court.

In their first point plaintiffs complain of the refusal of the trial court to grant them a new trial on the ground of newly discovered evidence. Plaintiffs' contentions under this point are somewhat vague.

It appears that Alex Thompson and others conveyed the land in controversy to Jeff D. Jones by general warranty deed, for a recited consideration of $100 cash and $4,900 in notes secured by the vendor's lien.

Subsequently Thompson executed a release of said vendor's lien to Jones and plaintiffs pleaded that the release was a forgery. Before the conclusion of the trial and rendition of judgment defendants proved the execution of the release by Thompson, thereby eliminating the claim of forgery. After the rendition of judgment plaintiffs, as stated in their brief, "discovered new evidence which tended strongly to show that such Release was probably not executed by Alex Thompson, and which probably would have led to the exclusion from evidence of said Release had it been available at the time the testimony of the mark was given. On hearing the motion for a new trial, the trial court was of opinion that the newly discovered evidence was immaterial since the deed was effective to pass title even without payment of any money, absent an attack on said deed for fraud. The Release, permitted thus to remain in evidence, removed rescission as an issue from the consideration of the trial court. * * *

"The newly discovered evidence was that of Grover C. Gilland: That he represented Jeff D. Jones in the execution of the deed from Alex Thompson to Jeff D. Jones in 1926; that at the time of the execution of said deed, in the presence of said Jeff D. Jones, knowing that said Alex Thompson could neither read nor write and for the protection of his client Jeff D. Jones, inquired of said Alex Thompson whether he had been paid the $100 cash down payment referred to in the deed, and said Jeff D. Jones answered that it had not been paid but that he and said Alex Thompson understood one another and that Alex Thompson was going to keep the land until he was paid his money and that then Alex Thompson was going to turn over the land to him, Jeff D. Jones; and then inquiring of Alex Thompson whether that was the understanding, Alex Thompson told said Grover Gilland that it was. And said Grover Gilland further stated that said Jeff D. Jones left his office with said Alex Thompson and that said vendor's lien note and $4,900.00 and said deed were both then in the possession of said Jeff D. Jones."

The proposed testimony of Gilland is obviously vague, remote and inconclusive and certainly was not of such effect or materiality as to require the trial judge to grant a new trial of the cause. It related, and only vaguely and remotely at that, to questions of fraud and failure of consideration, which were not in the case. Besides, the proposed witness' testimony considered in connection with the fact that he notarized the instrument in question and was well known to counsel for plaintiffs, negatived the essential element of diligence upon the part of plaintiffs to discover and produce his testimony at the trial. We think it obvious that the trial judge acted well within his wide discretion in denying plaintiffs' motion for new trial on the ground of newly discovered evidence. We overrule plaintiffs' first point.

■ In their second point plaintiffs assail the finding of the trial judge that Alex Thompson was the common source. We overrule the point. That fact was not only shown by plaintiffs' own evidence, but by its admission made in open court by plaintiffs through their counsel. Plaintiffs insist that although the conveyances introduced by them to establish their claim of title showed Thompson to be the common source, yet defendants could not avail themselves of the benefit of such testimony until they affirmatively put the same instruments in evidence. Defendants answered only by a plea of not guilty and did not affirmatively seek or recover title in themselves. They only resisted plaintiffs' claim of superior title. In such case any evidence introduced by plaintiffs tending to establish common source inured to the benefit of defendants, who were not required to go forward and themselves introduce the same evidence in order to avail themselves of the benefit. Hovel v. Kauffman, Tex.Civ.App., 266 S.W. 858; Id., Tex.Com.App., 280 S. W. 185.

Plaintiffs did not attempt to deraign title from the sovereign, but relied on common source, and admitted what the evidence at large established, that Alex Thompson was the common source. It is true that plaintiffs sought to rest their title on prior peaceful possession, but whatever showing they made in that direction was overcome by conclusive evidence and the finding by the trial judge that their title was inferior to that of defendants, which stemmed from the common source.

■ Under their third point plaintiffs contend that defendants' title rests upon two deeds which are mutually destructive and that since defendants did not elect the particular conveyance upon which they relied, and the trial judge declined to compel such election, defendants could not stand on either. We see no merit in the conten-

16

tion. Plaintiffs could not recover upon any weakness of defendants' title, but only upon the strength of their own. Under their plea of not guilty defendants could resort to any lawful evidence which would defeat plaintiffs' title, and the two conveyances, even if inconsistent, had that effect. Watson v. Hewitt, 45 Tex. 472.

Plaintiffs' contentions under this point, even if tenable, would have been available only to impair defendants' right to affirmative decree of title in their favor, which right was not urged by defendants or granted in the case.

In their fourth point plaintiffs complain, generally, that the trial court erred in denying recovery to plaintiffs of title to and possession of the land in controversy. Under the supported express and implied findings of the trial judge no other judgment than that complained of could have been rendered below. The point must accordingly be overruled.

The judgment is affirmed.