**Allen JOHNSON et al., Appellants,**

v.

**Elijah JOHNSON et al., Appellees.**

**No. 6779.**

Court of Civil Appeals of Texas.

Texarkana.

Jan. 20, 1955.

Rehearing Denied Feb. 17, 1955.

Hoyet A. Armstrong, Dallas, for appellants.

Thompson, Knight, Wright & Simmons, John W. Rutland, Jr., Dallas, J. T. Harris, Longview, W. W. Harris, Quitman, Myers & Fuller, Houston, Joe E. Estes, Dallas, Ben Goodwin, Tyler, Enoch Fletcher, Grand Saline, Jones & Jones, Mineola, Charles Allen, Marshall, for appellees.

DAVIS, Justice.

This is a suit in trespass to try title by Allen Johnson and about 69 others against Elijah Johnson and about 105 others involving 117 acres of land, more or less, in Wood County, Texas. All parties are heirs, or assignees of the heirs, of Robert Johnson, Sr. Trial was to a jury. Judgment was for the defendants and that plaintiffs take nothing upon an instructed verdict as soon as plaintiffs rested.

Defendants' motion for instructed verdict was based upon: (1) Plaintiffs' failure to prove record title in themselves by deed or otherwise; (2) the deed offered in evidence from Nathan Grant to Robert Johnson was void for want of proper description, such deed being the only basis for plaintiffs' claim of title; (3) failure to show common source between plaintiffs and defendants in that they failed to show legal title to the land in Robert Johnson, Sr.; (4) failure to identify by metes and bounds description, or other legal description, the tract of land to which they seek to show possession or title in Robert Johnson,

Sr.; (5) instead of proving title was in Robert Johnson, Sr., proved it was not in him, the alleged common source; (6) failure to establish a definite interest in each plaintiff; (7) failure to show no administration was necessary on several deceased, plaintiffs and defendants who died intestate; (8) germane to 6; and (9) the evidence introduced proved title to 66.7 acres of land in controversy to be in the heirs of Robert Johnson, Jr., and 48 acres thereof to be in Willie Johnson for more than ten years.

Unquestionably, the trial court did base his action almost if not exclusively upon the aforesaid deed from Nathan Grant to Robert Johnson dated June 6, 1870, Plaintiffs' Exhibit No. 1, in which the land was described as follows:

> " * * * A certain tract or parcel of one hundred acres of land situated in Wood County about 3 miles East of the town of Quitman the same being a part of the Samuel Birch Headright described as follows Beginning at the S.E. corner of the original Survey thence West vrs. to a black jack thence North to a stake thence East to the original boundary line thence South *thence South* to the beginning."

Plaintiffs bring forward 12 points of error. They will be disposed of in the order assigned.

The first complains of the action of the trial court in instructing the verdict for defendants based on the inadequacy of the description in plaintiffs' Exhibit No. 1, because it was the instrument by which the common source (Robert Johnson, Sr.) acquired title to the land in question, and it does not lie within the province of the defendants to challenge such title.

■ The point is not supported by the law. The rule of common source of title is one of evidence and not of estoppel. 87 C.J.S., Trespass To Try Title, § 15, pages 1130–1131; W. T. Carter & Bros. v. Rhoden, Tex.Civ.App., 72 S.W.2d 620, error dismissed. The point is overruled.

The second and tenth points complain of the action of the trial court in instructing the verdict for defendants, contending that the description in plaintiffs' Exhibit No. 1 was sufficient to identify the land, and further contending that plaintiffs alleged an adequate description of same.

■ An examination of the description in Exhibit No. 1 clearly shows the same to be void. The rule of law on such question is too well settled to require further discussion. See Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064; Walker v. Maynard, Tex.Civ.App., 31 S.W.2d 168.

■ Plaintiffs pleaded a more accurate description of a tract of land, but they did not prove that the more accurately described tract was the same tract as described in Exhibit No. 1. They never did locate the land by extrinsic evidence, or otherwise. The issue of location being an issue of title in such cases, the burden was upon plaintiffs to locate the land upon the ground. See Withers v. Republic National Bank of Dallas, Tex.Civ.App., 248 S.W.2d 271, and the authorities therein cited. The second and tenth points are overruled.

■ The third point complains that the trial court erred in admitting their Exhibit No. 1 in evidence and says he did not consider it as evidence and they were misled and prompted to rest their case, believing a prima facie case had been proved. A void or defective deed is admissible in an action of trespass to try title although it requires extrinsic evidence to identify the land. 87 C.J.S., Trespass To Try Title, § 54C, page 1168. The evidence offered by plaintiffs proved a superior title in the defendants if the other 112 exhibits were admissible at all. Even though they were offered for the sole purpose of showing common source. Nye v. Haywood, Tex. Civ.App., 182 S.W.2d 14; 87 C.J.S., Trespass To Try Title, § 58, page 1172; Sec. 57, 51 Tex.Jur. 530–532. The evidence shows a good limitation title in the defendants. The third point is overruled.

The other points assigned by the plaintiffs have been carefully examined by the court and each is found to be without merit and they are overruled.

The judgment of the trial court is affirmed.

FANNING, J., not sitting.