Gertie STRINGER et vir, et al., Appellants,

v.

Marvin IVY et ux., et al., Appellees.

No. 6504.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 8, 1962.

Rehearing Denied March 7, 1962.

Peter Cheswick, Houston, for appellants.

Musslewhite & Musslewhite, Fenley & Fenley, Lufkin, for appellees.

McNEILL, Justice.

This is an action of trespass to try title filed by appellants Gertie Stringer, et vir, and her son, Charles Edward McVay, against appellees Marvin Ivy, et ux., Rube Sessions and Virgil Phillips, et ux., to recover a tract of 87 acres in the Archie Browning Survey in Angelina County, less an excepted 10 acre tract. Phillips, et ux. filed a disclaimer, and Sessions filed a disclaimer of all the land except the minerals under a described 25 acres of the area involved, and as to this mineral area pleaded not guilty. Appellees Marvin Ivy and wife pleaded not guilty and several periods of adverse possession.

Appellant Gertie Stringer was formerly the wife of Ed McVay, known also as J. E. or Edd McVay. A short time after her marriage to McVay, his father, J. B. McVay, and brother, Wood McVay, executed a deed dated January, 1939, for a tract of land to Ed McVay. Appellants claim that tract as the land in this suit. Ed McVay, the grantee in this deed, divorced his wife, Gertie, in the year 1944 and no mention of any community property was made in the pleadings or judgment in the divorce case. Appellants alleged that Ed McVay conveyed the land in suit on August 11, 1947, to appellees, Virgil Phillips and wife and they in turn conveyed the land, less the 25 acres of minerals, to appellees Ivy and wife. Ed McVay died January 11, 1950. Appellant Gertie Stringer claims an undivided one-half interest in the property as community property of her marriage with Ed McVay. Appellant Charles Edward McVay, the only child of the marriage between Gertie and Ed McVay, claims the other undivided one-half interest by inheritance from his father. In an additional count, Charles Edward McVay also alleged that his father made the deed to Virgil Phillips and wife, through whom the

other appellees claim, at a time when he was of unsound mind and prayed that this deed and the claims of appellees based thereon be canceled, and the cloud on his title be removed.

Appellants' second amended original petition which was their trial pleading, described the tract of land involved as follows:

"* * * a certain tract of land described in a deed from J. B. McVay and Wood McVay to Edd McVay, dated January 25, 1939, and of record in Volume or Book 90, Page 58, deed records of Angelina County, Texas, to-wit:

"A certain tract of land in Angelina County, Texas, containing 87 acres, more or less, out of the 116 acre tract patented in the name of Archie Browning, BEGINNING at the East corner of said survey a stake from which a Red Oak bears South 67 West 6 varas, a D O bears North 15 West 10 varas. THENCE South 45 West 610 varas in N.W.B. line of survey. THENCE ―― 45 East 1081.5 varas to the end of corner of said survey at which a black oak or black gum bears South 1 East 5 varas. Red Oak South 67 West 10 varas. THENCE South 45 East 610 varas, to the place of beginning, containing 87 acres, more or less, less 10 acres conveyed to Angus Boone by a deed from Edd McVay and wife, Gertie McVay, dated January 24, 1940, recorded in Volume 93, Page 190, deed records of Angelina County, Texas."

The petition then alleged the land involved is also described as follows:

"BEGINNING at the East corner of the Archie Browning 116 acre Survey, in Angelina County, Texas, a stake, from which a Red Oak bears South 67 degrees West 6 varas, and a Red Oak bears North 15 degrees West 10 varas; THENCE south 45 degrees West 1081.5 varas, to a stake in the South-East boundary line of said sur-

vey; THENCE North 45 degrees West 610 varas, to a stake in the West boundary line of said survey; THENCE North 45 degrees East 1081.5 varas to the North corner of said survey from which a Black Gum bears South 1 degree East 5 varas, and a Red Oak bears South 67 degrees West 10 varas; THENCE South 45 degrees East 610 varas, to the place of beginning, containing about 87 acres, more or less, save and except 10 acres conveyed to Angus Boone by Edd Mc-Vay and wife, Gertie McVay, on the 24 January A.D. 1940, deed of record in Volume 93, Page 190, deed records of Angelina County, Texas."

Following this, appellants alleged in connection with the descriptions hereinbefore given that the description as given in the deed from J. B. McVay and Wood McVay to Ed McVay, recorded in Vol. 90, Page 58, Deed Records of Angelina County, was not a complete and full description in that one call was erroneously left out of the deed mentioned above, and they alleged that the last description given above is the proper description. No other allegation as to description was made, nor was there request for reformation of the deed.

■ The cause was heard with the aid of a jury. There was no agreement between the parties as to common source of title. In order to show common source and title in them, appellant offered in evidence a certified copy of the deed dated January 25, 1939 from J. B. McVay and Wood Mc-Vay to Ed McVay. The description in the deed is the same as that first quoted from above except that it ends with the phrase, "to the place of beginning." Objection was made to the offer of this deed by appellees for the reason that it was void for lack of proper description and that it failed to describe any land. The court, however, permitted its admission. When, however, appellants rested their case appellees filed motion for instructed verdict and assigned therefor, among other grounds, that this deed was void for lack

of description, and that appellants failed to identify and locate on the ground the land described in their petition. The court sustained this motion and, in effect, could well have changed his earlier ruling on this evidence. In order to uphold this action it will be so presumed. Kneale & Watkins v. Thornton, Tex.Civ.App., 88 S.W. 298; Jetton v. Jetton, Tex.Civ.App., 257 S.W.2d 146.

■ Neither the field notes nor map of the Archie Browning 116 acre survey were offered in evidence. We have attempted to fit the description as contained in this deed into what is alleged by appellants as the proper description. To do this we would be required to add 471.5 varas to the deed's first call and disregard this line's called terminus "in the N.W.B. line of survey"; supply a second call, "thence North 45 W 610 varas"; and read — 45 East as "N 45 East" in the next call. In such case, only one call in the deed would be correct as written: the last call which is anchored by the bearing trees. And no testimony located any of them. There are cases which have supplied a call in a deed where the other calls are accurate. Mansel v. Castles, 93 Tex. 414, 55 S.W. 559; Hinkle v. Hays, Tex.Civ.App., 162 S.W. 435; Battle v. Wolfe, Tex.Civ.App., 283 S.W. 1073. And one case that has supplied two calls under the peculiar facts there reflected. Fortenberry v. Cruse, Tex. Civ.App., 199 S.W. 523. On the facts of this record, however, we cannot hold that it was the intention of the grantors to convey a rectangular tract as contended by appellants. Especially is this so, in the absence of proof of the lines and corners of the Archie (Archer) Browning survey. We cannot tell, in the absence of further proof, whether the deed's second call for boundary of the Browning survey, or perhaps for N.W. corner of another survey, should be disregarded. The deed itself calls for a tract of 87 acres, more or less. If we hold appellants' rectangular field notes correct, the area enclosed would contain 117 acres, 30 acres more than the

stated amount. In the circumstances there exists such uncertainty as to the description we would not be justified in attempting to resolve it. Deeds, Secs. 123, 124, 19 Tex.Jur.2d 422–427. Consequently on the evidence in this record, we hold the description in the deed to Ed McVay fatally defective and that appellants were unable therefrom to identify and locate the land sued for by them. Johnson v. Johnson, Tex.Civ.App., 275 S.W.2d 146; Tasher v. Foster Lumber Co., Tex.Civ.App., 205 S. W.2d 665.

The judgment below is affirmed.