**Edith M. ABRAM, Appellant,**

**v.**

**SOUTHEASTERN FUND et al., Appellees.**

**No. 212.**

Court of Civil Appeals of Texas.

Tyler.

June 16, 1966.

Rehearing Denied July 7, 1966.

Charles E. Coleman, Tyler, for appellant.

Wm. M. Williams, Jr., Lawrence & Lawrence, Tyler, for appellee, Southeastern Fund.

Jerome L. Prager, Hoppenstein & Prager, Dallas, for appellee, Triangle Aluminum Industries, Inc.

MOORE, Justice.

Edith M. Abram, a widow, brought this suit against appellees, Triangle Aluminum Industries, Inc. and Southeastern Fund, a corporation, in trespass to try title seeking to recover a house and approximately one acre of land. In addition to the statutory allegation of trespass to try title, appellant further alleged that in the latter part of 1962, Triangle Aluminum Industries, Inc. offered to cover her home with aluminum siding for the sum of $299.00. She alleged that although she did not accept the offer, the company nevertheless placed the siding on her home and thereafter caused to be recorded in the Mechanic's Lien Records of Smith County, a mechanic's and materialman's lien and deed of trust reflecting that she had agreed to pay the company the sum of $2,959.80 for the performance of such work. She further alleged that shortly thereafter, Triangle Aluminum Industries, Inc., assigned the lien to appellee, Southeastern Fund, who then caused her property to be sold under the terms of the deed of trust; that Southeastern Fund purchased the property at the trustee's sale and now claims same under a deed from the trustee. In both her pleadings and by separate affidavit, she alleged that the signature on the mechanic's and materialman's lien and deed of trust was a forgery. She further alleged numerous other reasons why the trustee's deed was void and of no force and effect, and prayed for the cancellation of the mechanic's and materialman's lien and the deed from the trustee. In an alternative plea, she alleged that at the time of the execution of the lien, she was old and infirm and by reason thereof, incapacitated to properly attend business and that Triangle Aluminum Industries, Inc. fraudulently took advantage of her infirmity and incapacity and without her consent caused to be recorded the mechanic's and materialman's lien contract and deed of trust and that as a result she lost her property and had thereby suffered damages in the amount of $10,000.00 for which she prayed for judgment in the amount of $10,000.00 against Triangle Aluminum Industries, Inc.

Appellee, Triangle Aluminum Industries, Inc., filed a disclaimer and answered with a general denial and a plea of not guilty. Southeastern Fund likewise denied the allegation of appellant's petition and specially pled that it had purchased the mechanic's and materialman's lien contract and deed of trust from Triangle Aluminum Industries, Inc. for valuable consideration, before any payments thereon had been made and without notice of any of the alleged infirmities, and was therefore an innocent purchaser and holder in due course.

Prior to trial all parties entered into a stipulation wherein it was agreed that one Ida Bell Muckelroy was the common source of title. In proving her title, appellant offered in evidence two warranty deeds from Ida Bell Muckelroy, the agreed common source. In connecting appellee, Southeastern Fund, with the common source, she also offered in evidence the alleged forged mechanic's and materialman's lien and deed of trust above referred to. Upon its face, this instrument showed to have been signed and executed by appellant, Edith M. Abram, to Triangle Aluminum Industries, Inc., and thereafter assigned to Southeastern Fund. It also showed that appellant duly acknowledged the execution of the instrument before a Notary Public in Smith County, Texas. When this instrument was introduced in evidence, counsel for appellant stated that the same was being offered for the "limited purpose of cancellation." Although appellant alleged in her petition that the lien was foreclosed and was deeded to Southeastern Fund by the trustee, there was

no proof thereof. The trustee's deed was never offered in evidence. However, since appellant pleads title in Southeastern Fund by virtue of the trustee's deed and cites the volume and page where same is recorded, her pleading amounts to an admission of such facts. McCormick and Ray, Vol. 2, Sec. 1144, p. 33. Therefore, we should hereafter assume that Southeastern Fund holds title under said deed.

On direct examination, appellant at first denied execution of the mechanic's and materialman's lien contract and deed of trust; but upon being asked if she was certain she did not sign such an instrument, she replied: "I don't remember—don't think so." On cross examination, she admitted that she did sign some type of instrument agreeing to allow Triangle Aluminum Industries, Inc. to place the aluminum siding on her home. The reason she signed such instrument, she said, was because she understood that same would be installed free of charge.

Trial was to a jury and after appellant had concluded with the introduction of her evidence, each of the appellees moved for an instructed verdict. The court granted the motions and accordingly entered judgment for each of the appellees denying appellant any relief, from which ruling she perfected this appeal.

■ Appellant first contends that the judgment is erroneous because her evidence of record title from the common source, standing alone, was sufficient to show a superior title in her. She relies upon Rule 798, Texas Rules of Civil Procedure, which in effect provides that evidence introduced by plaintiff to show common source cannot be considered as evidence of title in the defendant unless offered by him. She therefore contends that since she offered the defendants' title under the alleged forged lien and deed of trust only for the limited purpose of cancellation, the effect of her affidavit of forgery was to shift to the appellees

the burden of going forward and showing that the lien and deed of trust was executed by the appellant, and since appellees did not prove same was executed by appellant, her title was superior and the court therefore erred in instructing a verdict against her. We do not share this view.

■ As pointed out before, appellees answered by a plea of not guilty and for equitable relief in the event appellant prevailed, but did not affirmatively seek to recover title in themselves. They only resisted appellant's claim of superior title. In such case any evidence introduced by appellant tending to establish common source inured to the benefit of appellees, who are not required to go forward and themselves introduce the same evidence in order to avail themselves of the benefit: Nye v. Haywood, (Tex.Civ.App.) 182 S.W. 2d 14; 87 C.J.S. Trespass to Try Title § 58, p. 1172. Moreover, the instrument was not offered for the purpose of proving common source, nor was such proof limited to proof of common source. Appellant thus having pleaded and proved title in Southeastern Fund must assume the burden of avoiding the effect thereof.

■ In order to make out a prima facie case under a common source of title, the plaintiff must show that his title thereunder is superior; and furthermore, if from the evidence of common source introduced by the plaintiff, defendant appears to have the superior title, then the plaintiff cannot stop, but must proceed further and show that the defendant's title thus exhibited, although apparently superior to that of the plaintiff, is not, for proven reasons, so. Hovel v. Kaufman, (Tex.Civ.App.) 266 S.W. 858, 861; aff. S.Ct., 280 S.W. 185, 188.

■ Appellant did not rest her claim upon her own superior title under her formal plea of trespass to try title. She went further and specially alleged her grounds for title, thereby limiting her right to recover on those grounds. Franzetti v. Fran-

zetti, (Tex.Civ.App.) 124 S.W.2d 195, writ ref.; Goode v. Davis, (Tex.Civ.App.) 135 S.W.2d 285. She specially pled a title in appellee, Southeastern Fund, sufficient, if valid, to vest it with title and to defeat her title; that is, she pled Southeastern Fund had purchased the title from the trustee and claimed under the trustee's deed. However, she pled that such title was void because of the forgery of the mechanic's and materialman's lien and deed of trust. She then prayed for cancellation. Thus having pleaded the issue of forgery, she rested under the burden of sustaining it, for if the title pled was void, appellant had no title.

Appellant's proof of record title shows the title of appellee, Southeastern Fund, to be superior to the title of the appellant. As stated before, appellant admitted in her pleadings that Southeastern Fund took possession under the trustee's deed. The debt evidenced by the lien was unpaid and under these circumstances, the rule is that a mortgagee lawfully in possession has a right to retain possession until his debt is paid. Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329. The instrument not being void on its face, appellant had the burden of proving that the title of Southeastern Fund thus exhibited, although apparently superior to that of the appellant, was not, for proven reasons, so.

Therefore, the question presented is whether or not the proof offered by her upon the issue of forgery, when viewed in a light most favorable to appellant, was sufficient to raise a question of fact for the jury.

Appellant contends that her affidavit charging forgery filed under the provisions of Article 3726, Vernon's Ann.Tex.Civ.St., together with her testimony, was sufficient to place the burden of proof upon the appellees to prove that the instrument attacked was not a forgery. In other words, she contends that her proof presents a prima facie case entitling her to judgment in the absence of any proof by the appellees.

The mere filing of an affidavit of forgery does not constitute proof thereof. The party impeaching the deed must sustain his pleadings by lawful evidence. While the mere filing of the affidavit may in some instance cast suspicion on the instrument, sufficient to shift to the opposite party the burden of going forward with proof of execution, it does not apply unless the opposite party pleads title and offers the instrument in evidence as proof of his title. Article 3726, supra. But even though the statute should be applicable, we fail to see how such an affidavit could have the effect of shifting the burden, when the party making the affidavit negatives the effect thereof by her own testimony. As pointed out before, she does not unequivocally state that she did not execute the instrument. She merely stated that she did not remember. Evidence that does no more than raise a surmise or suspicion that a deed was forged does not justify a submission of the question to the jury. 19 Tex. Jur.2d, par. 79, page 354; Hanks v. Houston Oil Co. of Texas, (Tex.Civ.App.) 173 S.W. 635, err. ref. The standard of proof which the court must find before submitting the issue of genuineness to the jury is that "the proof must be clear and unmistakable." Stout v. Oliveira, (Tex.Civ.App.) 153 S.W. 2d 590; McAllen v. Raphael, (Tex.Civ. App.) 96 S.W. 760; Kirby Lumber Corporation v. White, (5th Cir.) 288 F.2d 566. Since the appellant, in making out her case in chief, did not unequivocally deny the execution of the instrument, we seriously doubt that a finding that the instrument was a forgery would be permitted to stand upon such a state of evidence. Consequently, we think the evidence was wholly insufficient to require the submission of the issue to the jury.

In connection with appellant's asserted cause of action for damages against Triangle Aluminum Industries, Inc., we

have been unable to find any basis in the pleading to support a claim for damage other than the alleged forgery hereinabove discussed. Appellant's pleading merely asserts that Triangle Aluminum Industries, Inc. fraudulently took advantage of her infirmity and incapacity and without her consent caused the lien and deed of trust to be recorded. There is no allegation of a false representation, which was relied upon by appellant to her detriment. As we view the record, there is neither pleadings nor proof of actionable fraud. 25 Tex.Jur.2d, Sec. 13, p. 626.

■ Appellant next complains of the ruling of the trial court in refusing to allow her to testify as to her conversation with one Wendell Vaughn concerning his admissions of agency with Triangle Aluminum Industries, Inc. While we have no doubt that such testimony was inadmissible, yet there is no showing as to what the witness's answers would have been, hence the propriety of the court's ruling cannot be considered on appeal. Statler Hotels v. Herbert Rosenthal Jewelry Corporation, (Tex.Civ.App.) 351 S.W.2d 579; Nieto v. United States National Bank of Galveston, (Tex.Civ.App.) 384 S.W.2d 395.

■ Appellant also complains of the action of the trial court in sustaining appellees' objection to the testimony of one of appellant's witnesses as to the cash market value of the property in question. In this connection, the record reveals that the witness was not shown to be qualified in that it was not shown that he had knowledge of the reasonable cash market value of the property. We think the court properly sustained the objection. Topletz v. Thompson, (Tex.Civ.App.) 342 S.W.2d 151.

The evidence presented by appellant not being sufficient to raise a fact issue for the jury, the trial court was warranted in instructing a verdict against appellant at the conclusion of her evidence.

The judgment of the trial court is affirmed.